MICHAEL SCHAEFER
9509 Sundial Dr.
Las Vegas, NV 89134
Tel. 213 479-6006
Plaintiff Pro



```
____ FILED         ____ RECEIVED
____ ENTERED       ____ SERVED ON
                   COUNSEL/PARTIES OF RECORD

         JAN - 4 2016

       CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY: _____ DEPUTY
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SCHAEFER<br>    Plaintiff<br>v.<br><br>BARBARA CEGAVSKY, Secretary of State,<br>State of Nevada; JOSEPH P. GLORIA,<br>Registrar of Voters, Clark County, Nevada;<br>Ruben Kiihuen, Susie Lee, John Oceguera,<br>Lucy Flores<br>    Defendants | 2:16-cv-00004-JAD-VCF<br><br>VERIFIED COMPLAINT FOR<br>DECLARATORY RELIEF RE:<br>LISTING OF BALLOT NAMES<br>CONSISTENT WITH EQUAL<br>PROTECTION OF THE LAW |

JURISDICTION:

This case is filed pursuant to 28 U.S.C. sec. 1331 in that it raises a federal question under the 14th Amendment, United States Constitution.

CAUSE OF ACTION: (Declaratory Relief)

1. This is an action for declaratory relief to determine the rights and obligations of the parties in conduct of the June 14, 2016 primary election for selection of a Democratic Nominee for election US House of Representatives, District 4. It is filed pursuant to Rule 57, FRCP, which provides that "the court may order a speedy hearing of a delaratory judgment action". 28 USC sec. 2201 provides that "any Court of the United States may declare the rights and other relations of any interested party seeking such declaration, whether or not further relief is or could be sought".

2. Parties:   Plaintiff, a decades long business investor in Tonopah, Nevada, and resident of Sun City Summerlin, both in District 4, has standing as he intends to seek the Democratic Nomination for election to the US House of Representatives, District 4; Defendants Cegavsky and Gloria are the Secretary of State, and Registrar of Voters, charged with conduct of said election; defendants Kihuen, Lee, Oceguera and Flores are announced candidates for said office who will be affected by the decision in this proceeding and thus are considered necessary parties who may or may not have an opinion as to plaintiff's position.  Additional candidates may announce by March 18, 2016 last day to file.

3. Pursuant to NRS  293.263* Nevada lists candidates for public office on all ballots by alphabet, assuring that in this election candidate Flores will be first-listed if only the identified five candidates file and plaintiff will be last-listed.

*"On the primary ballots for a major political party, the name of the major political party must appear at athe top of the ballot.  Following this designation must appears the names of candidates grouped alphabetically."

4. There is an advantage of between 2% and 20% favoring the first listed candidate on any ballot list, the advantage being greater where many candidates file, and less where few candidates file, and greater in low profile elections and primary elections and less in higher profile elections and general elections.  Some writers argue that there is a recognizable  prejudice regardless of the office or number of candidates.

5. Such advantage is a denial of Equal Protection of the Law*  to all candidates not listed first, NRS 293.263 grants an artificial advantage to the Aaron Aardvarks of the

nation and prejudices all other candidates.

*"U.S.Consitution, Amendment 14, Section 1:  No State shall deny to any person within its jurisdiction the equal protection of the laws."

      6. The fact of advantage to first-listed is obvious from any telephone directory showing numerous businesses doing-business with an "A" as first letter naming their firm, and in the March 3, 2015 municipal elections for Los Angeles, Cal., "R" being the first letter of California's 2015 'random alphabet (please see Ca. Election 13112)* two "R" last-name candidates won the 14 candidate primary election, in the general election Carolyn Ramsey losing to David Ryu, neither of which would have won in the primary election if buried down-ballot.

*Cal. Elections Code 13112: "The Secretary of State shall conduct a drawing of the letters of the alphaabet, the result of which shall be known as a randomized alphabet."

      7. Nevada has had proposed legislation to provide for a randomized alphabet and the issue has been in the Nevada State Courts, but has never gained approval.  This is strange given the Nevada Supreme Court case of <u>State of Nevada v. Milliam,</u> 3 Nev.409(1867) stating "we have copied most our Constitution and most of our laws from the sister state of California"

      8. There are only 7 states that still list candidates by alphabet, including Nevada. The other states have various procedures, from first-to-file, to having a reverse alphabet, from Z TO A, used in alternate elections.   Numerous writers on the issue all concede that an advantage does exist to the first listed, that it is an artificial advantage, that it prejudices all other candidates for the same office.  Plaintiff submits that the

alphabetic cannot be used without an Equal Protection of the Law violation that prejudices all non-A candidates, their supporters and the general public.

9. Plaintiff submits that the issue is one about which reasonable men and women cannot differ, and that the prejudice exists as a matter of Law, but will shedule a motion for summary judgment with affidavits of leading Democratic and Republican officials to support the large body of wisdom in adademic publications discussing the issue and the prejudices faced by all non-First candidates.

10. Plaintiff submits that it is not the business of the federal court to determine just how lawful ballot listings are determined, but to order that defendants determine ballit-listing procedures that are consistent with the fundamental fairness mandated by the United States Constitution

11. This issue dealing with an election within five months is entitled to priority attention of the Court to minimize or eliminate any disruption of election procedures.

**WHEREFORE,** plaintiff prays for judgment as follows: that upon motion for summary judgment, or sua sponte of its own accord, or upon hearing set on priority calendar, the Court find NRS 293.263 to be unconstitutional and order defendant officials to determine ballot order in the June 14, 2016 Nevada election, as to all candidates for all offices, in a random manner and not by alphabet, plaintiff to recover costs of action and such further relief as is just in the premises.

Date: January 4, 2016

_____
MICHAEL SCHAEFER
Plaintiff Pro Se

VERIFICATION:
Michael Schaefer declares under penalty of perjury that he has read the foregoing complaint for declaratory relief and knows the averments therein to be true of his personal knowledge and belief.
Executed January 4, 2016 at Las Vegas, NV. _____