MICHAEL SCHAEFER
9509 Sundial Dr.
Las Vegas, NV 89134
Tel. 702-466-5407
Plaintiff Pro Se



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SCHAEFER<br>Plaintiff<br>V.<br><br>BARBARA CEGAVSKE, Secretary<br>of State, State of Nevada | No. 2:16-cv-00004-JAD-VCF<br><br>**EMERGENCY** EX PARTE APPLICATION FOR PROMPT ORDER-TO-SHOW-CAUSE HEARING RE: BALLOT POSITIONING RE: JUNE 14, 2016 FEDERAL ELECTION |

    COMES NOW Plaintiff Michael Schaefer, appearing Pro Se, making emergency Application for prompt setting of Hearing re: Order to Show Cause, attached. Said application is based on Affidavit attached, taking of Judicial Notice of exhibits dated 2/19/16, and proposed oral testimony of political scientists at said hearing.

    The hearing should be held not later than <u>Tuesday, April 5 2016</u>, so that the mechanics of ballot layout, as to candidate positioning, will not be compromised or rendered more costly for Nevada election set <u>70 days later</u>, [early ballot publication necessary to facilitate distribution of sample ballots and mailing of ballots to nonresident and armed services absentee voters.] This is also an application for an

Order Shortening Time to accommodate the public interest and need involved.

Clark County Registrar of Voters Joseph P. Gloria declines to suggest acceptable decision date, being of the opinion that if it were decided today(day before 3/18/16 closing of filing period, when candidates will be identified), it would prejudice upcoming election, and that the issue should await the next election cycle. Said official agrees fully with the premise and existence of prejudice to candidates and the public arising from alphabetical listing of names and may be one of the political scientists testifying but finds he is without jurisdiction to not follow state statute NRS 293.263(*), and that all 17 county election officials will proceed as directed by defendant Secretary of State who of course will follow the United States Constitution as defined by this Court.

*(\*) "on the primary ballots for a major political party, the name of the major political party must appear at the top of the ballot. Following this designation must appear the names of candidates grouped alphabetically".*

Dated: March 17, 2016

Respectfully submitted,

*[signature]*
MICHAEL SCHAEFER
Plaintiff/Applicant Pro Se

CERTIFICATE OF SERVICE:
Undersigned certifies that on 3/17/16 a copy of this pleading and attachments was mailed, first class, postpaid, addressed to:

Barbara Cegavske, Secretary of State
200 North Carson St.
Carson City, NV 89701

*[signature] M Schaefer*

2

MICHAEL SCHAEFER
9509 Sundial Dr.
Las Vegas, NV 89134
Tel. 702-466-5407
Plaintiff Pro Se

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SCHAEFER<br>    Plaintiff<br>V.<br>BARBARA CEGAVSKE, Secretary<br>of State, State of Nevada | No. 2:16-cv-00004-JAD-VCF<br><br><br>**AFFIDAVIT IN SUPPORT OF OSC** |

Michael Schaefer declares under penalty of perjury the following to be true of his personal knowledge and believe, he being competent to so testify if called upon:

1. He is one of 7 Democrats seeking election to be Democrat Nominee for election to US Congress District 4, Nevada, in upcoming June 14, 2016 primary election.  He wants to be first name on the candidate list, instead of the penultimate candidate(next to last).

2. The California legislature in enacting Elections Code 13112 found a sigificant prejudice to candidates and their voters in listing of ballot names by alphabet.  The Nevada Supreme court in State v. Milliam, 3 Nv 409(1867) found that Nevada 'has copied most of our Constitution and most of our laws from the sister-state of California'.  How can the random or non-random listing of names matter greatly on the west side of Lake Tahoe and not at all on the Nevada side?  The phenomomem of voters tending to vote for the first familiar name they see exists throughout the world and only a handful of our United States still list candidates by alphabet.

3. Justice Tobriner of the California Supreme Court, in Gould v. Grubb, 14 C3d 661, in 1975, found that "it was unconstitutional to have an election procedure which automatically affords an incumbent a top position on the ballot, that "a significant advantage" accures to such candidate.  That "election officials bor a constitutional duty

*I*

to prepare ballots in a manner determined by rotation, lottery, or some other constitutional process free from arbitrary preference", nothing that "several of the experts testified that a significant advantae as to ballot placeet accrued to the beneficiaries in virtually all election, with the possible exception of elections for President of the United States, or perhaps a state governor'.  Citing <u>Knoll v. Davidson</u>, 1974, 12 Cal 3d 335, 525, P2d 1273 and five other state and federal cases continued: "The classification scheme in issue here directly relates to the electorial process, and in recent years both this Court and the United States Supreme Court have had frequent occasion to reiterate that the 'fundamental' nature of the right to vote and the importance of preserving the integrity of the franchise require that the judiciary give close sccrutiny to laws imposing unequal burdens or granding unequal advantages in this realm".

4. An international view appears in <u>BBC: How Alphabetical Ballots Skew Democracy,</u> analyzing 2011 elections across the English shire districts., see *Exhibit 1.*

5. A 2015 blog headed <u>Alphabetically Ordered Ballots Make Elections Less Fair and Distort Composition of American Legislatures</u> notes the importanance of slight advantages, particularly those enjoyed early in a career, can set some on the road to success and shunt others development.  This is not and cannot be the business of government, but in Las Vegas and elsewhere, belongs to the *odds,* the *chances. Ex.2*

6. Affiant had a 1970s San Diego case on this exact issue, the Court ordering a random alphabet to be drawn, several copy-cat Los Angeles cases followed, with <u>Elections Code 13112</u> being the outcome.  In 2002 affiant convinced the federal courts to bring residence-requirements for federal office in the 50 states in line with the Constitution, [there being none in the Qualifications Clause](please see <u>Schaefer v. Townsend</u>, 215 F3d 1031), today we have just another "housekeeping issue" for this Court to resolve so that America, or at least District 4, can go foward in the sunshine of fairness and lack of prejudice in our we elect our leaders, and don't let the Legislature give a nudge to the "A" candidate over his 6 opponents all of whom demand a level playing field.

Executed 3/17/16 at Las Vegas, NV._____

2



Putting names on ballot papers in alphabetical order creates a strange statistical anomaly in local elections, writes Anthony Reuben.

A paper published in the journal **Parliamentary Affairs** analysed local elections since 1973 and found that in the 2011 elections across the English shire districts and metropolitan boroughs, 161 candidates were elected purely because their names were high in the alphabet and so appeared near the top of the ballot paper.

This effect is apparently greatest in what the authors call "low information elections" - where voters are not able or willing to find out much about those standing - and in elections in which each party has several candidates, so the local elections are a perfect example.

It does appear that if a party is putting up three candidates for an election and only two of them get elected, the ones who win tend to be the ones whose names appear first in the alphabet.

In elections to the European Parliament, candidates are put in alphabetical order according to the name of their party. In many countries, the names of candidates are put in a random order on the ballot paper.

And there are those who argue that alphabetical advantage goes well beyond local elections.

A **paper from 2005** found that academic economists were more likely to get jobs at prestigious universities and even win Nobel Prizes if their names were higher up the alphabet, because academic papers tend to list authors in alphabetical order. That article was co-written by a Professor Yariv, who no doubt feels strongly about the issue.



# Alphabetically ordered ballots make elections less fair and distort the composition of American legislatures

June 9, 2015    jOSE

By Blog Admin

It is relatively well known that candidates who are first on the ballot tend to enjoy a vote advantage compared to those whose names begin with letters later in the alphabet. But how much of a difference has this made to election results? In new research which analyzes the names of members of Congress from 1949 to 2012 and state legislators from 1967 to 2010, Barry Edwards finds that alphabetical ballot lists account for the results in 10 Congressional seats and more than 70 seats in state legislatures. He argues that alphabetically ordered ballots undermine the principle of fair elections, and that reform of ballot order rules is needed.

Conventional political wisdom suggests the candidate listed first on a ballot enjoys a slight windfall of votes cast by those who don't know or care enough to consider all their options. By focusing on particular elections, researchers have neglected to consider the broad consequences of arbitrary ballot ordering rules on legislative representation. To evaluate the substantive significance of ballot order rules, I compare the legislators of states that alphabetically order ballots to legislators elected by states that randomize or rotate ballot order. My research suggests that the seemingly innocuous choice of some states to alphabetize ballots has significantly altered the composition of state legislatures and even Congress.

Scholarly interest in how ballots are designed and organized predates the explosion of interest in the subject generated by the 2000 Presidential Election. Most studies suggest the first candidate listed on a ballot enjoys an above average number of votes in certain elections. The less that voters know or care about the election, the greater the windfall of votes to the first listed candidate. Think how often you click the first link in Google search results and don't bother to consider all your options. However, when the stakes are relatively high, as in partisan legislative elections, scholars suggest ballot order has little or no influence on voters. Accordingly, some have concluded that the distortions induced by ballot order are confined to low-level elections and do not affect the general political landscape. I was sceptical of this sanguine assessment of ballot order effects and looked at the impact of alphabetically ordering ballots on high-level legislative offices. I found that the practice of alphabetically ordering ballots, used in a number of states, significantly distorts the composition of their state legislatures and congressional delegations in favour of representatives with early-alphabet names.

**Early Advantages Persist**

I suspected that relatively small advantages to early-alphabet candidates in low-profile elections might distort the political process generally because in highly competitive endeavours, slight advantages, particularly those enjoyed



**Assessing Alternative Explanations**

It is important to consider whether something other than using different ballot ordering methods causes these differences. Accordingly, in my research I conduct a number of additional tests to assess alternative explanations and check the robustness of my findings:

- Within-State Comparisons. Because some states started or stopped alphabetically order ballots during the time frame of this study, we can make some before and after comparisons. Evidence from Florida, Indiana, New Hampshire, and Rhode Island supports the main findings.
- Controlling for Demographic Differences. To assess the possibility that differences in state demographics, rather than ballot ordering rules, explains the main findings, I separate the sample of legislators into subsamples of different racial and ethnic groups. I find that the Hispanic, African American, and white state legislators elected in states that alphabetically order ballots have earlier alphabet names than their counterparts in states that randomize or rotate ballot order.
- Controlling for Other Differences. I compare other subsamples of state legislators and find the same name-differences among legislators elected to open seats (a control for incumbency advantages), Republicans, Democrats, Senators, and Representatives.
- Randomization Inference Testing. Finally, I conduct a randomization inference test to evaluate possibility some other unspecified variable accounts for differences documented in this research. The p-value of this randomization inference test equals 0.004. Other groupings of states (based on unspecified variables) are extremely unlikely to produce the differences in representation observed here.

**The Need for Ballot Reform**

Based on my research, I believe that ballot order affects preliminary contests like elections to minor offices and primary elections which, in turn, affect general election outcomes and the composition of state and federal legislatures. Alphabetically ordered ballots may create a slight advantage for candidates with early alphabet names at a formative time in their political careers in much the same way as a January 1st cut-off date for registering in youth hockey leagues gives rise to a relative age advantage for children born early in the calendar year. My results challenge the view that ballot ordering rules are innocuous administrative details. I estimate that the distortion resulting from alphabetic ordering in the United States is roughly equivalent to the representation of a medium-sized state or the effect of literacy tests and other historic barriers to voter registration on African American representation.

Election rules that eliminate positional advantages, such as randomizing or rotating ballot order, may be more complicated and costly to administer than simply listing candidates in alphabetical order, but this research suggests that states which alphabetically ordered ballots may not be represented by legislators who enjoy the most support in the electorate. The practice may cause less deserving candidates to win office, leaving these states worse off. Additionally, in other research, I have found that alphabetically ordering ballots puts particular racial and ethnic groups, notable Asian-Americans, at a significance disadvantage. My research underscores the need to reform ballot order rules in order to conduct fair elections. Given the magnitude and complexity of policy issues on both the state and federal levels, we should be wary of arbitrary rules for ordering ballots that interfere with the election of the best qualified candidates for public office.

*Featured image credit: liz west (Flickr, CC-BY-2.0)*

MICHAEL SCHAEFER
9509 Sundial Dr.
Las Vegas, NV 89134
Tel. 702-466-5407
Plaintiff Pro Se

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SCHAEFER<br>　　Plaintiff<br>V.<br><br>BARBARA CEGAVSKE, Secretary<br>of State, State of Nevada | No. 2:16-cv-00004-JAD-VCF<br><br><br>ORDER AFTER HEARING RE:<br>JUNE 14, ,2016 FEDERAL ELECTION |

  Plaintiff's motion for an Order to Show Cause: Re: Ballot Positioning of candidates came on for hearing this date; Plaintiff appearing Pro Se, Defendant appearing by the Office of Attorney General; for good cause shown the Court ORDERS, ADJUDGES AND DECREES as follows:

  1. This court has jurisdition over the parties and the issues, the case involving a federal question.

  2. NRS 293.263 is unconstitutional and unenforceable in that it violates the Equal Protection clause of the United States Constitution, affording election advantages to candidates having a low-alphabetical surname, as as Arberry, Jr., in the 7-candidate

/

June 14, 2016 primary election for US House, Nevada District 4, with consequent disadvantages to the other candidates including plaintiff Schaefer. It is without question, an issue as to which reasonable citizens cannot differ, that some advantage accrues to the first name on any alphabetical list, the phone directories and classified advertising being topheavy with businesses having A, AA, or AAA in their name.

The citizens of a Los Angeles councilmanic district on March 5, 2015 elected Ms. Ramsey and Mr. Ryu from a list of 14 candidates, positioned on the ballot randomly starting with the letter "R" as drawn by the City Clerk.   Ballot positioning is state action, and it is not the job of government to provide advantages or disadvantages to any candidate seeking the public trust. The alphabet does not meet any fairness test.

3. Defendant Secretary of State is ordered to determine positioning of names in the June 14, 2016 federal election in Nevada in a random manner calculated to give each candidate an equal opportunity to appear first on the ballot. Our sister state of California for decades has managed to do just this. Please see <u>California Elections Code sec. 13112</u>

IT IS SO ORDERED.

Date:  April_____2016                    _____
                                                              UNITED STATES DISTRICT JUDGE

3 = $1.42



Clerk Curil
USDC
333 So. LV Blvd
LV, NV. 89101

9509 Sundeal Dr
LV 89134

Schafr

