UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael Schaefer,<br><br>　　　Plaintiff<br><br>v.<br><br>Barbara Cegavsky, Secretary of State, et al.,<br><br>　　　Defendants | 2:16-cv-00004-JAD-VCF<br><br>**Order Adopting Report and Recommendation, Dismissing Complaint without Prejudice, and Denying All Pending Motions as Moot**<br><br>[ECF 2, 10, 11, 12, 17, 18] |

　　　Pro se plaintiff Michael Schaefer sues Nevada's Secretary of State and other individuals claiming that NRS § 293.263 violates the equal-protection clause of the Fourteenth Amendment.[1] On January 11, 2016, Magistrate Judge Cam Ferenbach granted Schaefer's IFP application, screened his complaint under 28 USC § 1915(e), and recommended that I dismiss Schaefer's complaint for failure to state a claim.[2] Schaefer objects.[3] Having reviewed the objected-to portions of Magistrate Judge Ferenbach's report and recommendation de novo, I overrule Schaefer's objections, adopt the report and recommendation in its entirety, dismiss Schaefer's complaint without prejudice, deny all other pending motions as moot, and give Schaefer until April 15, 2016, to file an amended complaint if he can state a plausible claim for relief..

**Discussion**

**A.    Standards of review**

　　　A district court reviews objections to a magistrate judge's proposed findings and recommendations *de novo*.[4]  "The district judge may accept, reject, or modify the recommendation,

---

[1] ECF 3.

[2] ECF 2.

[3] ECF 7.

[4] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

Page 1 of 4

receive further evidence, or resubmit the matter to the magistrate judge with instructions."[5] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[6] Local Rule IB 3-2(b) requires de novo consideration of specific objections only.[7]

**B.    Screening under § 1915(e)**

Section 1915 governs proceedings *in forma pauperis*, and directs a court to dismiss a case at any time the court determines that the allegation of poverty is untrue or that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from that relief.[8] Pro se pleadings, however, must be liberally construed.[9]

Dismissal of a complaint for failure to state a claim upon which relief can be granted is permitted by Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a pro se complaint. But when a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[10]

**C.    Schaefer fails to plead a plausible claim for relief.**

Schaefer alleges that NRS § 293.263, which requires that "the major political party designation must appear the names of candidates grouped alphabetically under the title and length of term of the partisan office for which those candidates filed," denies "Equal Protection of the Law to

---

[5] *Id.*

[6] *Id.* at 1121–22 (a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise.") (emphasis in original).

[7] *See* Nevada L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *Carillo v. Cate,* 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do not require *de novo* review).

[8] 28 USC § 1915(e)(2).

[9] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[10] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

all candidates not listed first."[11]  In support, Schaefer alleges that "neither [winner of a recent California municipal primary] of which would have won in the primary election if buried down-ballot" and that "[t]here is an advantage of between 2% and 20% favoring the first listed candidate on any ballot list."[12]  Judge Ferenbach found that Schaefer's allegations do not state a plausible claim for relief.  I agree.

Schaefer objects by questioning the applicability of *Iqbal* to this case and asserting that "all any Court has to do to recognize prejudice" is "to look at [a] list of Legislators in alphabet-states . . . , and note how many ABC names pop-up, as opposed to other random alphabet letters."[13]  Persons whose names do not appear first in the alphabet are not a protected class, so Schaefer bears a heavy pleading burden.  Because § NRS 293.263's alphabetical-listing directive does not target a suspect class, the classification is constitutional "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."[14]  Schaefer cannot has not met—and cannot meet—his FRCP 12(b)(6) pleading burden simply by alleging that there may be some statistical significance to having a name at the front of the alphabet.  Because Schaefer has not pled facts to show that NRS § 293.263 is not rationally related to some legitimate government end, he has not pled a plausible equal-protection claim, and his complaint must be dismissed with leave to amend.

**D.     All other pending motions are denied as moot.**

All of Schaefer's motions are mooted by this order.  His request to correct the spelling of defendant Barbara Cegavskey's last name[15] can be resolved in his amended complaint by spelling it correctly there.  His request for a decision on his objections to Magistrate Judge Ferenbach's report

---

[11] ECF 1-1 at 2.

[12] *Id.* at 3.

[13] ECF 7 at 3.

[14] *FCC v. Beach Commc'n*, 508 U.S. 307, 313 (1993).

[15] ECF 10.

and recommendation[16] is denied as moot in light of this order.  His emergency motions for orders to show cause[17] seek relief based on a claim that has been dismissed, so I lack jurisdiction to grant the requested relief.  And because the relief he seeks is injunctive in nature (he wants me to direct the Nevada Secretary of State to list candidates in a random, non-alphabetical order on the ballot), the dismissal of Schaefer's complaint leaves him unable to demonstrate a likelihood of prevailing on a claim, which is a prerequisite to injunctive relief.[18]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Judge Ferenbach's report and recommendation **[ECF 2]** is **ADOPTED**, plaintiff's objections **[ECF 7]** are **OVERRULED**, and plaintiff's complaint **[ECF 3]** is **DISMISSED** without prejudice.

IT IS FURTHER ORDERED that all other pending motions **[ECF 10, 11, 12, 17, 18]** are **DENIED** as moot.

Plaintiff has until **April 15, 2016**, to file an amended complaint that states a plausible claim for relief.  If plaintiff fails to file an amended complaint by that deadline, this case will be dismissed with prejudice without further warning.

Dated this 23nd day of March, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[16] ECF 11.

[17] ECF 12, 17, 18.

[18] *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).