MICHAEL SCHAEFER
9509 Sundial Dr.
Las Vegas, NV 89134
Tel. 702 466-5407
Plaintiff Pro Se



# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SCHAEFER | Case No. 2:16-cv-4-JAD-VCF |
| Plaintiff | |
| V. | FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF (FRCP Rule 57) |
| BARBARA CEGAVSKE, Secretary of State, State of Nevada | |
| Defendant | |

JURISDICTION:

This action is filed pursuant to 28 USC sec. 1331 in that the action arises under the United States Constitution, 14th Amendment, Equal Protection of the Law.

MOOTNESS:

This action addresses the June 14, 2016 primary election for United States House of Representatives, District 4, Nevada; if the matter cannot be resolved prior to

framing and publishing by defendant of ballots for said federal election, the action raises an issue that is "capable of repetition, yet evading review" thus is a recognized exception to the mootness doctrine. It is believed resolution past mid-April would prejudice defendant's ability to conduct said election. Plaintiff is filing for preliminary injunction to permit prompt resolution.

TECHNICAL OBJECTIONS:

Filing is in Pro Per, and pro per pleadings must be liberally construed.

HISTORY OF CASE:

On January 11, 2016, the Court issued Magistrate Judge's recommendations that the case be dismissed for failure to state a "plausible claim for violation of plaintiff's constitutional rights"  On March 24, 2016, upon the Court's review of Magistrate Judge's recommendations and plaintiff's timely objections thereto, the court dismissed the complaint without prejudice but granting leave until April 15, 2016 for plaintiff to file an amended complaint that states a plausible claim for relief.  This is such pleading.

COMPLAINT:

1. This action is filed pursuan to FRCP 57, the Declaratory Relief Act. It raises a judicable issue of a substantial nature, and does not seek advisory degree. Plaintiff demands a jury trial of the question of fact, 'does first listing on a competitive election ballot in a federal or state election, provide an advantage to the first listed name, such as Moses Arberry Jr. in the 8 candidate election herein involving Democratic primary candidates MORSE ARBERRY JR., BRANDON CASUTT, LUCY FLORES, RUBEN KIHUEN, SUSIE LEE, DAN ROLLE, MIKE SCHAEFER(plaintiff herein) and RODNEY SMITH.

2. Plaintiff is likely to succeed as to his factual assertion, given that: (1)a leader of both the Republican Party and Democratic Party, (2) the Registrar of Voters of Clark County Nevada(Joseph P. Gloria), (3)a political scientist faculty member from UNLV, or UNR, will be giving their opinion testimony based on personal perceptions, and familiarity with academic writings worldwide by statisticians and political scientists, orally or by affidavit, based on respectible credentials that: "**yes, indeed there is an advantage**, that it is greater in legislative races, such as for city council, state and federal lawmakers, and lesser in case of elections for President of the United States or Governor of a State given the extensive publicity in such high-profile elections, that it is greater when there are many candidates,(such as the 8 in the election addressed) and less if only 2-3 candidates appear; randomized ballot listing in other juridicitions including California (Election Code 13112) and an opinion of the California Superior Court based on similar court challenge to alphabetical ballot listing in a six-person election for San Diego County Supervisor in the 1970s that lead to Ca. Election Code 13112. Such will be testifmony of plaintiff who is a political scientist, familiar with extensive academic writings and federal and state decisions confirming the alphabetical.

3. The classification scheme at issue here directly relates to the electoral process, and in recent years both this court and he United States Supreme Court have had frequent occasion to reiterate that the "fundamental" nature of the right to vote and the importance of preserving the integrity of the franchise require that the judiciary give close scrutiny to laws imposing unequal burdens or granting unequal advantages in this realm. Gould v. Grubb, 536 P2d 1337, 14 Cal 3d 661(1975), Dunn v. Blumstein(1972) 405 US 330, 336(31 L.Ed.2d 274, 280, Reynolds v. Sims(1964)377 US 533, 562[12 L.Ed.2d 506,

527]. Innumerable election provisions detailing mechanisms of election process may have only minimal, if any,, effect on fundamental right to vote, and may be judged under the "rational basis" eequal protection standard. The provisions at issue in this case, however, cannot be placed in "rational basis" category because the classification scheme imposes a very "real and appreciable impact" on the equality, fairness and integrity of the electoral process. <u>Bullock v. Carter</u>, 405 US 134[31 L.Ed. 92, 99-100]. In light of the trial court'ss finding(<u>Gould v. Grubb</u>, supra) that candidates in the top ballot position receive a substantial number of votes simmply by virtue of their ballot position, a statute which reserves such an advantage for a particular class of candidates inevitably dilutes the weight of the vote of all those electors who cast their ballots for a candidate who is not included within the favored class(first listed). We recognize that legislative bodies retain considerable discretion in formulating election procedures and devising the form and contect of ballots; however the exercise of such discretion remains subject to constitutional limitations. All procedures used by a State as an integral part of the election process must pass muster against the charges of discrimination. <u>Moore v. Ogilvie</u>, 1969, 394 US 814, 818[23 L.Ed. 2d 1]. <u>Gould v. Grubb</u>, supra. It has been often stated that any restrictions or advantages relating to candidates, or to voters, correspondingly affects rights or burdens of the other.

    4. <u>It is defendant's position</u> that she must defend the Nevada Statute, irregardless, <u>NRS 293.263</u>, Unless the Legislature or the Courts determine otherwise, all candidates must appear in alphabetical ordeer; <u>it is plaintiff's position</u> thaat <u>NRS 293.263</u> denies all candidates a level-playing-field, grants an artificial advantage as great as 20% to the first-listed candidate, Morse Arberry, Jr, who would presumedly not be running

given his controversial financial background and multiple violations of public law in his brief service in the Nevada Assembly but-for-this-advantage, and that the votes of supporters of plaintiff and his six opponents(other than Mr. "A") are diluted with the result that the winner, under NRS 293.263, is a result of deceit more than the will of the voters, and the the validity of the entire election is a violation of Equal Protection of the Law mandate of the 14th Amendment and is subject to constitutional challege at any stage.   Nevada statutues cannot lawfully afford substantial advantage to candidate Arberry over plaintiff herein.

**WHEREFORE**, plaintiff demands judgment that NRS 293.263 be declared unconstitutional and that defendant list candidates for Democratic Nomination for United States Contress District 4, Nevada, be in a randomized alphabetical order to be determed by defendant.

Date:  April 4, 2016                         Respectfully submitted,

                                                                  MICHAEL SCHAEFER
                                                                  Plaintiff Pro Per

CERTIFICATE OF SERVICE:

Undersigned declares under penalty of perejury that on 4/4/16 he served copy of this pleading upon defendant's counsel, and upon the Attorney General of Nevada given that validity of a state statute is challeged, **per agreement of parties**, by email to: lstory@ag.nv.gov(Sr, Assistant Attorney General Lori Story) & dwright@ag.nv.gov.

M Schaefer