# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Michael Schaefer, | 2:16-cv-00004-JAD-VCF |
| Plaintiff | **Order Denying Motion for Preliminary Injunction; Denying Request for Preliminary Injunction Hearing as Moot; and Ordering Schaefer to Show Cause Why this Case Should Not Be Dismissed Under the Doctrine of Res Judicata** |
| v. | |
| Barbara Cegavsky, Secretary of State, | |
| Defendant | [ECF 22] |

Michael Schaefer sues the Nevada Secretary State for declaratory and injunctive relief, challenging NRS 293.263's requirement that candidates be listed alphabetically on primary ballots for major political parties as a violation of his due-process and equal-protection rights.[1]  I recently dismissed Schaefer's complaint for failure to state a claim and gave him until April 15, 2016, to file an amended complaint if he could state a plausible claim for relief.[2]

Schaefer timely filed an amended complaint[3] and now moves to enjoin the Nevada Secretary of State from approving an NRS 293.623-compliant ballot, insisting that the candidates appear in a randomly selected order, not alphabetically.[4]  Schaefer also requests a hearing on his motion and to combine that hearing with a trial on the merits.[5]

But this is not Schaefer's first case challenging this Nevada statute as a due-process and equal-protection violation.  He litigated a nearly identical case that he lost on summary judgment in 1998.[6]  Conveniently, Schaefer makes no mention of his prior, unsuccessful bid to challenge

---

[1] ECF No. 21.

[2] ECF No. 19.

[3] ECF No. 21.

[4] ECF No. 22.

[5] *Id.*

[6] *Mike Schaefer v. Dean Heller, et al.*, CV-S-96-492 (RJJ) (D. Nev. 1998).

this Nevada law.  I find that Schaefer has not established that he is likely to succeed on the merits—or even that there are serious questions going to the merits—of his claim because it appears that his claim is barred by the doctrine of res judicata.  I also find that Schaefer merely restates in his first amended complaint the same allegations that I previously found insufficient to state a plausible claim for relief.  Accordingly, I deny Schaefer's motion for an injunction, I deny his request for a hearing on that motion and to combine it with a trial on the merits as moot, and I order Schaefer to show cause why this case should not be dismissed under the doctrine of res judicata.

**Background**

**A.     Schaefer's prior case challenging the constitutionality of Nevada's law requiring alphabetically listed primary ballots was summarily adjudicated in the state's favor.**

Schaefer intended to seek the 1996 Republican nomination to the U.S. House of Representatives for the 2nd Congressional District of Nevada.[7]  In June of that year, Schaefer sued the Nevada Secretary of State (Dean Heller) and the State of Nevada in the U.S. District Court in the District of Nevada asking the court to declare that "Nevada statutes mandating alphabetical listing of candidates [are] unconstitutional, and to order that the Secretary of State determine some procedure to determine ballot listing that affords plaintiff, and other candidates for the Republican Nomination to Congress, District 2, with the same opportunity to enjoy First

---

[7] Appendix A at 2, ¶ 2 (Complaint for Declaratory Relief (Election Ballot Listing) (Constitutionality of the Alphabet), ECF 1 in *Mike Schaefer v. Dean Heller, et al.*, CV-S-96-492 (RJJ) (D. Nev.) ("*Schafer v. Heller*")).

Position on the September 3, 1996 ballot."[8]  That case was stayed[9] but eventually proceeded to

the dispositive-motion stage with both sides filing competing motions for summary judgment.[10]

Then U.S. District Judge Johnnie Rawlinson heard oral argument on the motions on June 9,

1998.[11]

In ruling on the motions, Judge Rawlinson considered the evidence offered by the parties

and analyzed Schaefer's challenge to Nevada's alphabetically listed-ballot law under the standard

announced by the U.S. Supreme Court in *Burdick v. Takushi*, 504 U.S. 428 (1992).[12]  Judge

Rawlinson found that Schaefer had "not provided any evidence that the alphabetical ballots place

a severe restriction on candidates. . . ."[13]  She also found that "the State nevertheless provided a

rational reason for requiring an alphabetical ballot."[14]  Judge Rawlinson therefore concluded that

the State of Nevada and the Nevada Secretary of State were entitled to summary judgment in

---

[8] Appendix A at 5:12-20.  Although the only statute mentioned by number in Schaefer's complaint in *Schaefer v. Heller* is NRS 293.265—mentioned once and in parenthetical, *see* Appendix A at 3:3—it appears to be a typo because that statute concerns nonpartisan primary ballots and Schaefer was "seeking the Republican nomination in [the] primary election set for 9/3/96[,]" Appendix A at 2:2–3, which would have, even in 1996, been governed by NRS 293.263.

[9] Apparently, Schaefer had unsuccessfully challenged this Nevada statute in a Nevada state court and a stay was imposed while Schaefer appealed that decision to the Nevada Supreme Court. Appendix B at 1:24–2:14 (Order, ECF 33 in *Schaefer v. Heller*).  Judge Rawlinson recounted that the Nevada Supreme Court dismissed Schaefer's appeal because he failed to show in the trial court that alphabetical listing of candidates provided any with a statistical advantage, and thus could not show that he was denied due process or equal protection of the laws.  Appendix B at 2:9–14.  The state moved to stay the case again when Schaefer brought another state-court proceeding challenging the issue, but because a decision had been issued against him and he was waiving his right to appeal, the state withdrew its motion to stay.  Appendix B at 3:6–12.

[10] *See* Appendix B at 1–3.

[11] Appendix C (Minutes of Court, ECF 32 in *Schaefer v. Heller*).

[12] Appendix B at 4:9–7:15.

[13] Appendix B at 6:19-20.

[14] Appendix B at 7:7–15.

their favor, and thus granted those defendants' motion for summary judgment and denied Schaefer's competing motion for summary judgment.[15]  The Clerk of Court then entered judgment in favor of the Nevada Secretary of State and the State of Nevada and against Schaefer and closed the case.[16]

**B.    Schaefer's current case likewise challenges the constitutionality of Nevada's alphabetically listed primary ballots.**

Schaefer currently intends to seek the 2016 Democratic nomination to the U.S. House of Representatives for the 4th Congressional District of Nevada.[17]  Donning a familiar mantle, Schaefer sues the Nevada Secretary of State for an order declaring that NRS 293.263's requirement that candidates be listed alphabetically on ballots for major political parties violates his due process and equal protection rights.  He also seeks an injunction requiring the Nevada Secretary of State to list the candidates on the ballot "in a randomized alphabetical order. . . ."[18]

Upon adopting the report and recommendation of U.S. Magistrate Judge Cam Ferenbach, I recently dismissed Schaefer's complaint with leave to amend.[19]  Schaefer timely amended[20] and now moves for a preliminary injunction and requests a hearing on that motion to be combined with a trial on the merits of his due-process and equal-protection challenge to Nevada's alphabetical-ballot requirement.[21]

---

[15] Appendix B at 7:16–19.

[16] Appendix D (Judgment in a Civil Case, ECF 34 in *Schaefer v. Heller*).

[17] *See* ECF No. 21.

[18] *See id.* at 5.

[19] ECF No. 19.

[20] ECF No. 21.

[21] ECF No. 22.

**Discussion**

The U.S. Supreme Court instructed in *Winter v. Natural Resources Defense Council, Inc.* that a plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[22]  The Ninth Circuit subsequently recognized in *Stormans, Inc. v. Selecky* that the Supreme Court had "definitively refuted" the circuit's possibility-of-irreparable-harm test.[23]  However, several panels of the Ninth Circuit have since instructed that "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[24]

To obtain injunctive relief, Schaefer must therefore show either that he is likely to succeed on the merits of his claim that NRS 293.263 violates his due-process and equal-protection rights or that there are serious questions going to the merits of his claim.  Schaefer's prior, summarily adjudicated case that unsuccessfully challenged the constitutionality of this same Nevada statute appears to pose an insurmountable obstacle for him to make the showing required under either test.

The basis of the U.S. District Court for the District of Nevada's subject-matter jurisdiction in Schaefer's prior case of *Mike Schaefer v. Dean Heller, et al.*, CV-S-96-492 (RJJ) (D. Nev.) ("*Schafer v. Heller*"), was federal-question jurisdiction.[25]  After trial by the court on the

---

[22] *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

[23] *Stormans v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 22).

[24] *Shell Offshore v. Greenpeace*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting with emphasis *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)); *accord Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012) (quoting *Cottrell*, 632 F.3d at 1135)).

[25] *See* Appendix A at 1:18–22 ("This case involves a federal question, jurisdiction existing pursuant to Constitution, Art. III, sec. 2, and Title 28, U.S. Code, sec. 1331[ ], providing for original jurisdiction inactions [sic] 'arising under the Constitution, laws or treaties of the United

parties' competing motions for summary judgment, the court in *Schafer v. Heller* entered judgment in favor of the State of Nevada and Nevada Secretary of State and against Schaefer on his claim challenging the constitutionality of Nevada's law requiring candidates be listed alphabetically on primary ballots.[26]

"The preclusive effect of a federal-court judgment is determined by federal common law."[27] "For judgments in federal-question cases[,] . . . federal courts participate in developing 'uniform federal rule[s]' of res judicata, which [the U.S. Supreme] Court has ultimate authority to determine and declare."[28] "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"[29] "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation on the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"[30] "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim."[31] "By 'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,' these two doctrines protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'"[32]

---

States.'").

[26] *See* Appendix D; Appendix B at 7:16–21.

[27] *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek Int'l v. Lockheed Martin*, 531 U.S. 497, 507–08 (2001)).

[28] *Id.* (citing *Taylor*, 553 U.S. at 508).

[29] *Id.* at 892.

[30] *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).

[31] *Id.* (quoting *New Hampshire*, 532 U.S. at 748–49).

[32] *Id.* (quoting *Montana v. U.S.*, 440 U.S. 147, 153–54 (1979)).

Schaefer previously litigated and lost on summary judgment his claim that NRS 293.263 violates his due-process and equal-protection rights by requiring that candidates be listed alphabetically on primary ballots for major political parties.  Schaefer's current lawsuit seeks to litigate the same claim and issues of fact and law that were actually litigated and resolved in a valid court determination that was essential to Judge Rawlinson's prior judgment.  Schaefer does not address his prior, unsuccessful challenge of this Nevada statute, and the allegations in his first amended complaint merely restate what I previously found to be insufficient to state a plausible claim for relief.[33]  Because it appears that his claim in this case is barred by the doctrine of res judicata, I find that Schaefer has not shown that he is likely to succeed on the merits of his claim or that there are serious questions going to its merits.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **Schaefer's motion for preliminary injunction [ECF 22] is DENIED** and **Schaefer's request for a hearing on that motion combined with a trial on the merits [ECF 22] is DENIED** as moot.

IT IS FURTHER ORDERED that **Schaefer has until Tuesday, April 26, 2016, to show cause** why this case should not be dismissed under the doctrine of res judicata.  **Any reply by the Nevada Secretary of State to Schaefer's response to the order to show cause must be filed within seven days of service of Schaefer's response.  No further briefing will be permitted.  If Schaefer does not file a document showing good cause by April 26, 2016, this case will be dismissed in its entirety without further notice and with prejudice.**

DATED: April 12, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[33] *See* ECF No. 22.

# Appendix A



1 | MICHAEL SCHAEFER, State Bar No. 2089
P.O.Box 14398
2 | Las Vegas, NV. 89114
Tel.(702)792-6710
3 | Attorney for Plaintiff

4

5

6

7

8 |                    UNITED STATES DISTRICT COURT

9 |                        DISTRICT OF NEVADA

10

11 | MIKE SCHAEFER            )
                            )
12 |        Plaintiff        )        CV-S-96-00492-LDG   (RJJ)
                            )
13 | v.                      )
                            )        COMPLAINT FOR
14 | DEAN HELLER,            )        DECLARATORY RELIEF
     SECRETARY OF STATE     )        (ELECTION BALLOT LISTING)
15 | STATE OF NEVADA         )        (CONSTITUTIONALITY OF THE ALPHABET)
          Defendants        )
16

17 | JURISDICTION

18 |        This case involves a federal question, jurisdiction

19 | existing pursuant to Constitution, Art. III, sec. 2, and

20 | Title 28, U.S. Code, sec. 1331., providing for original

21 | jurisdiction inactions "arising under the Constitution, laws or

22 | treaties of the United States".

23 | CAUSE OF ACTION: DECLARATORY RELIEF

24 |        1. Pursuant to FRCP Rule 57, the Court may grant a declaratory

25 | judgment determining the rights of the parties, and may order

26 | a speedy hearing of such an action and may advance it on the

27 | calendar.

28

2. Plaintiff is a candidate for election to U.S. Congress, District 2, State of Nevada, as one of many candidates seeking the Republican nomination in primary election set for 9/3/96.

3. The other candidates for said nomination may be affected by, or interested in this proceeding, but are not named as parties therein, but are being served with a copy of this pleading so that they may consider their rights to intervene pursuant to Rule 24, FRCP, if they are of the opinion that their interest is not adequately represented by existing parties.   Such other candidates are:

```
PATTY CAFFERATA               BOB SEALE
ROBERT J. EDWARDS, SR.        HILARY MICHAEL MILKO
JIM GIBBONS                   CHERYL LAU
PAT McMILLAN
```

The reasons such other candidates are not joined is fact that most of them live in the Reno/Carson City area, some distance from this Court, and if such candidates have no interest or concern in this action, to mandate service upon them giving time constraints involving with early or priority hearings herein, would burden existing parties and the Court; all of such other candidates being invited by service of a copy of this pleading to intervene and express their interest, concern or opinion, in assistance to the Court.

4. Defendant DEAN HELLER, SECRETARY OF STATE is the officer entrusted with administering of the elections for United States Congress pursuant to the laws of the State of Nevada and of the United States.  Defendant State wrote the law.

5. Pursuant to Nevada law, said defendant intends to list the names of candidates for the Republican Nomination

in alphabetical order, with the result being that the ballot
in each of Nevada's 17 counties will disclose the candidate's
names thusly:        (per NRS 293.265)

                PATTY CAFFERATA
                ROBERT J. EDWARDS, JR.
                JIM GIBBONS
                CHERLY LAU
                PAT McMILLAN
                HILARY MICHAEL MIKKO
                MIKE SCHAEFER
                BOB SEALE

     6. There exists an advantage to being first on a listing
of so many candidates, numerous voters having the inclination
to vote for the first name they see, or the last name they
notice, resulting in an advantage of 5% to 15% of the vote
in favor of those candidates who appear First or Last on any
such ballot listing, as found in numerous trials and reported cases.

     7. To permit such candidates, by accident of birth and
family name, to receive such artificial advantage by operation
of laws of the State of Nevada, in the election of a resident
to serve in the United States Congress, results in a denial
of equal protection of laws to all other candidates, and
violates the due process of law guarantees of fundamental
fairness in the conduct of elections for such federal office.

     8. Other jurisdictions, having recognized this phenomenon,
have acted to bring Constitutional due process and equal
protection of the law to candidates in their jurisdiction by
providing non-alphabetical procedures for determining ballot
order, such as Calif. Elections Code sec. 13112, which provides
for a randomized alphabet to be drawn annually by the Secretary
of State, with countywide candidates furthermore having their
names rotated within an Assembly District, to further minimize

3

what the legislature in California obviously found was a
system resulting in prejudice to some candidates, the new
legislation being directed at a 'level playing field' for all.

Only Alabama, Colorado, Connecticut, Delaware, Florida,
Georgia, Hawaii, Louisiana, Main, Maryland, Mississippi, Nevada,
Rode Island and Tennessee, of our 50 jurisdictions, list
candidates by alphabet; rotation of candidate names exists in
Alaska, Arizona, Idaho, Indiana, Iowa, Kansis, Kentucky, Michigan,
Minnesota, Montana, North Carolina, North Dakota, Ohio,
Oklahoma, Oregon, Vermont and Wyoming.  A lottery is used in
Arkansas, District of Columbia, New York, Pennsylvania, South
Dakota, Texas, Utah and Wisconsin.  Filing date determines ballot
order in Illinois, Missouri, Nebraska, New Jersey and Virginia,
and a combination of methods is used in New Hampshire, California
and West Virginia, and still other procedures obtain in
Massachusetts, New Mexico, South Carolina and Washington.

9. The alphabetical listing procedure that defendant
SECRETARY OF STATE intends to follow in scheduling ballot
listings in Congressional District 2 violates plaintiff's
rights pursuant to the Fourteeth and First Amendments of
the United States Constitution, necessitating this action
seeking to declare the rights of respective parties herein.

10. It is plaintiff's position that he is entitled to have
his ballot position be determine by any method that will give
him the same opportunity as PATTY CAFFERATA to be first on
the list of candidates, be it lottery, or rotation among counties,
or some other procedure; in several California trial cases
where plaintiff has raised these issues as an attorney for

4

1   candidates, the court has ordered names tossed into a 'hat'

2   and drawn at random, with all candidates invited to witness

3   the event; these cases leading to the legislative changes that

4   have brought fundamental fairness and a level playing field

5   to the issue of ballot listing.

6       11. It is defendant SECRETARY OF STATE'S position that

7   he is mandated by the law of the jurisdiction to list candidates

8   for Congressional District 2 by alphabet, even though such

9   listing will artificially assist the candidates of those

10  candidates appearing First(Cafferata) and Last(Seale).

11

12  WHEREFORE, plaintiff prays for an Order of this Court

13  declaring Nevada statutes mandating alphabetical listing of

14  candidates to be unconstitutional, and to order that the

15  Secretary of State determine some procedure to determine ballot

16  listing that affords plaintiff, and other candidates for the

17  Republican Nomination to Congress, District 2, with the

18  same opportunity to enjoy First Position on the September 3, 1996

19  ballot.        And for costs incurred herein and such further

20  relief as appears just in the premises.

21       Date: June 5, 1996                Respectfully submitted,

22                                         *Michael Schaefer*

23                                         MICHAEL SCHAEFER
                                           State Bar No. 2089
24                                         Attorney for Plaintiff

25   The Nevada Attorney General is also served
     in this matter as validity of a statute
26   of the jurisdiction is at issue, by service of
     a 2nd copy upon Secretary of State, per instruction
27   of Assistant Attorney General Haight.

28

                              5

1  MEMORANDUM IN SUPPORT OF COMPLAINT

2      I. CONSTITUTION VIOLATED

3      "No state shall enforce any law which shall abridge
        privileges or immunities of citizens of the United
4      States..nor deny to any person..the equal protection
        of the law".
5                       Fourteenth Amendment, U.S. Constitution.

6      "Congress shall make no law..abridging the right of
        the people..to petition the Government for a redress
7      of grievances".
                        First Amendment, U.S.Constitution

8      The State of Nevada by virtue of its alphabetical listing

9  law is denying candidates for public office the equal protection

10 of the law, favoring the Aaron Aardvarks and Zzeek Zzzyo's* of

11 politics with favored ballot positions(* Las Vegas Residential

12 directory p.574).

13     And one way citizens petition their Government is by

14 sending someone to Washington, D.C. to cut the red-tape and

15 correct the wrongs of society, and the people are prejudiced in

16 their quest if the most able candidates are forced to lose-out

17 to those with more-favored family names, alphabetical-wise.

18     II. STRICT SCRUTINY REQUIRED BY
          THE COURTS, AS TO SUCH PREJUDICE
19

20     In Gould v. Grubb, 1975, 14 Cal 3d 661, 536 P2d 1337,

21 122 Cal. Rptr. 377, the California Supreme Court affirmed a

22 trial court ordering listing of names be determined by lot.

23 "The state's current practice of listing incumbents first on a

24 lists of candidates", and the others then follow alphabetically,

25 "substantially diluted the weight of votes of those supporting

26 other candidates and would be subject to strict judicial scrutiny".

27 The State's asserted interest in "making it easier for voters to

28 locate names of candidates of their choice" was "not a compelling

interest and did not justify alphabetical order ballot-listing".

6

In Illinois, the court in <u>Culliton v. Board of Election</u>

<u>Commissioners</u>, USDC Ill. 1976, 419 F Aupp.126  found that:

> "evidence indicated it would be a denial of equal
> protection to arbitrarily give candidates such a
> head start toward victory,"

specifically finding that:  "a 3% advantage existing and would
create a 6% 'hurdle' which other
candidates must overcome".

In <u>Reynolds v. Sims</u>, 1964, 377 US 533, the Supreme Court

stated that:  "the concept of equal protection of the laws has
been traditionally viewed as requiring the
uniform treatment of persons standing in the
same relation to governemtn action questioned
or challenged; that a denial of constitutionally
protected rights demands judicial protection".

Alphabetical placement of names on ballots was also found

to provide "an unfair and unlawful advantage" in <u>Sangmeister v.</u>

<u>Woodard</u>, CA7, 1977, 565 F2d 460.

California's Supreme Court, in a case filed by plaintiff

herein, <u>Canaan v. Abdelnour, City Clerk</u>, 1985, 40 C3d 703, 221

Cal.Rptr. 468, 710 P2d 268, suggested an analysis for election

litigation:

> 1. First the Court must consider the magnitude and
> character of the asserted injury to the rights protected
> by First and Fourteenth Amendments that plaintiff
> seeks to vindicate;
>
> 2. Then the Court must identify and evaluate the precise
> interests put forward by the State as justification
> of the burden imposed by its rule.

The Court in <u>Canaan</u> found there must be a determination of

the legitimacy and strength of each of those interests, and there

must also be consideration of the extent to which these interests

make it necessary to burden plaintiff's rights.  (The issue

there was write-in voting prohibition, the issue here is

burden on candidates who are not named A or Z).

7

In Sumner v. Sexton, an unreported Superior Court case in San Diego, Cal., also filed by plaintiff, and being the first successful challenge to a 99-year old alphabetical listing law, the Court ordered a lottery system to be utilized. In a state with keno, roulette, and other chance-games involving numbers, in most every community, it should be an easy task for defendant SECRETARY OF STATE to devise a procedure that treats all candidates fairly, and consiitutent with the Constitution.

Arizona, in the 1958 case of Kautenburger v. Jackson, 85 Az. 128, 333 P2d 293, found that as follows

> "it was proper to interfere in the the event the method
> prescribed by statute unconstitutionally discriminates
> in favor of one candidate against another;
> a listing in slphabetical order deprives candidates of
> a fundamental right which was entitled to protection
> under the privileges and immunities article of the
> Constitution".

III. VOTERS ARE PREJUDICED TOO

It's not just the candidates that are affected.  The rights of candidates and rights of voters do not lend themselves to neat separation; laws that affect candidates always have at least some theoretical correlative effeoct on voters. Anderson v. Celebrezze, 1983, 460 U.S. 780, 789.

IV. CONCLUSION

This is a very important election, involving the election of a new Congressman or Congresswoman by those of 384,516 voters who trek to the polls or vote by mail.  The District includes all or part of each of Nevada's 17 counties.  It is vital that the playing field be level, and that the rights of the candidates and the voters be protected.   The Nevada alphabetical listing law must yield to Constitutional analysis and protection.

8

SPECIAL SERVICE LIST

Michael Schaefer certifies that on 6/5/96 copies of complaint or

petition and application herein were sent by first class mail,

postpaid, addressed as follows, to other candidates having

an interest in this matter, but not being parties thereto:

    1. Patty Cafferata
       PO Box 20357
       RENO, NV. 89515

    2. Robert J. Edwards, Sr.
       P.O.Box 1567
       Carson City, NV. 89702

    3. Jim Gibbons
       2535 Kinney Lane
       RENO, NV. 89511

    4. Pat McMillan
       P.O.Box 96162
       Las Vegas, NV. 89193

    5. Bob Seale
       P.O.Box 71120
       RENO, NV. 89570

    6. Cheryl Lau
       1721 Andorra Dr.
       Carson City, NV. 89703

    7. Hilary Michael Milko
       P.O.72344
       Las Vegas, NV. 89170


Executed 6/5/96 at Las Vegas, NV. _____
                                    MICHAEL SCHAEFER

# Appendix B



RECEIVED
AND FILED

JUN 19  10 11 AM '98

LANCE S. WILSON
CLERK

BY _____
DEPUTY

1

ENTERED AND
SERVED

3

4

JUN 1 9 1998

5

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8   MIKE SCHAEFER,                                    CV-S-96-492-JBR (RJJ)

9        Plaintiff,

10   v.

11   DEAN HELLER, Secretary of the State of        **ORDER**
     Nevada, and STATE OF NEVADA,
12
         Defendants.
13

14        On June 5, 1996, Plaintiff Mike Schaefer filed a complaint (#1) against Defendants

15   State of Nevada, and Dean Heller, Secretary of State for the State of Nevada (sometimes jointly

16   referred to as the "State").    Schaefer was a candidate for the September 3, 1996, Republican

17   primary election to the United States Second Congressional District in the State of Nevada.  In his

18   Complaint, Schaefer seeks a declaratory judgment that Nevada's present method of listing

19   candidates alphabetically on the ballot is an unconstitutional violation of the First and Fourteenth

20   Amendments to the United States Constitution.  Schaefer argues that Nevada's alphabetical listing

21   of candidates provides the candidate listed at top and the one listed on the bottom with an unfair

22   statistical advantage.  Schaefer requests this Court to order the Secretary of State to use a method

23   of listing candidates that provides an equal chance to each candidate of being listed first.

24        On June 13, 1996, the State moved (#6) for summary judgment.  In its motion, the

25   State argues that this Court lacks jurisdiction because Plaintiff had a pending law suit in the Nevada

26   Supreme Court involving the same issue.  The State also argues that Nevada's election law requiring

33

1    alphabetical ballots is constitutional because it places a minimum burden on voters and candidates

2    while serving a valid interest of preventing voter confusion and creating a manageable ballot by

3    providing a reasonable way to find the name of a candidate on the ballot.  In response, Schaefer

4    moved (#6A) that the question of constitutionality be certified to the Nevada Supreme Court.

5           The Court, in an Order (#8) entered on June 17, 1996, declined to certify the

6    constitutionality question to the Nevada Supreme Court.  The Court did, however, stay its ruling

7    pending a decision on the issue of the constitutionality of alphabetical ballots in the case already

8    before the Nevada Supreme Court.

9           On January 23, 1998, the Nevada Supreme Court entered an order dismissing

10   Schaefer's appeal.  The Nevada Court found that Schaefer, in the lower court, failed to show that

11   alphabetical listing of candidates provided any candidate with a statistical advantage.  The Nevada

12   Court ruled that without a sufficient showing that certain candidates were advantaged by the

13   alphabetical listing of candidates on ballots, Schaefer could not show that he was denied due process

14   or equal protection of the laws.

15          After the Nevada Supreme Court issued a decision, Schaefer moved for summary

16   judgment (#23).  He again argued that the alphabetical listing of candidates denied him equal

17   protection under the law.  The only evidence of discrimination offered by Schaefer is the following:

18   1) an affidavit by Schaefer (sometimes referred to as the "Schaefer Affidavit") that he has evaluated

19   election results in San Diego and has perceived that candidates whose surnames were lower in the

20   alphabet received more votes than those higher in the alphabet, with the exception that those at the

21   bottom of a given list on a ballot receive more votes than candidates in the middle of the list; 2)

22   yellow page ads and phone book entries offered to show people write their ads and names for the

23   phone book so that they will be listed first; 3) a declaration by Schaefer (sometimes referred to as

24   the "Schaefer Declaration") purportedly quoting Judge Bonaventure wherein the judge recused

25   himself from deciding a state case involving an alphabetical ballot because he is elected to office and

26   likes to be listed first on the ballot because of his name; 4) an article describing a case where the

2

1   California Supreme Court declared that alphabetical ballots violated the California constitution's

2   guarantee of equal protection; 5) a California statute requiring names on the ballot to be listed

3   randomly; and 6) an article that describes the aforementioned phonebook phenomenon in San Diego.

4   The State opposed (#23) Schaefer's motion and again renewed its motion for summary judgment

5   to which Schaefer replied (#25).

6   　　　　　On June 8, 1998, the State moved (#31) that the case again be stayed pending the

7   resolution of another Nevada state court case recently filed by Schaefer regarding the

8   constitutionality of alphabetical ballots. On June 9, 1998, this Court held a hearing on the State and

9   Schaefer's motions. At the hearing, Schaefer represented that a decision had been issued against

10   Schaefer in this recent case and that he was waiving any right to an appeal. The State then

11   withdrew its motion to stay. The Court heard arguments from all parties. At the hearing, Schaefer

12   offered no additional evidence that alphabetical ballots are discriminatory.

13   **STANDARD FOR SUMMARY JUDGMENT**

14   　　　　　Pursuant to Rule 56(c) of the Federal Rules of Civil Procedures, summary judgment

15   shall be granted when, viewing the facts in the light most favorable to the non-moving party, (1)

16   there is no genuine issue of material fact, and (2) the moving party is entitled to summary judgment

17   as a matter of law. The plain language of Rule 56(c) "mandates the entry of summary judgment,

18   after adequate time for discovery and upon motion, against a party who fails to make a showing

19   sufficient to establish the existence of an element essential to that party's case, and on which that

20   party will bear the burden of proof at trial." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216,

21   1221 (9th Cir. 1995) *citing Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The burden of the

22   moving party may be discharged by pointing out to the district court an absence of evidence

23   necessary to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the moving

24   party has satisfied his burden, he is entitled to summary judgment if the non-moving party fails to

25   designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific

26   facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324-25. "The mere

3

1   existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."

2   *Triton Energy*, 68 F.3d at 1212. In other words, "summary judgment should be granted where the

3   non-moving party fails to offer evidence from which a reasonable jury could return a verdict in its

4   favor." *Id.*

5         Additionally, though the election in question has ended, the controversy has not

6   become moot because challenges to election ballot requirements "are worthy of resolution as capable

7   of repetition yet evading review." *Norman v. Reed*, 502 U.S. 279, 288 (1992)(citation omitted).

8   **STATE'S MOTION FOR SUMMARY JUDGMENT**

9         In *Burdick v. Takushi*, 504 U.S. 428, 434 (1992), the United States Supreme Court

10   held that "a court considering a challenge to a state election law must weigh the character and

11   magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments

12   that the plaintiff seeks to vindicate against the precise interests put forward by the State as

13   justification for the burden imposed by its rule, taking into consideration the extent which those

14   interests make it necessary to burden the plaintiff's rights." The Court explained that when

15   plaintiff's rights are subjected to "severe restrictions," the state regulation "must be narrowly drawn

16   to advance a state interest of compelling importance" but "when a state election law provision

17   imposes only a reasonable nondiscriminatory restriction" upon plaintiff's and/or voters' rights, "the

18   State's important regulatory interests are generally sufficient to justify the restriction." *Id.* (holding

19   that Hawaii's prohibition on write-in voting does not unreasonably infringe upon First and

20   Fourteenth Amendments rights); *see also Libertarian Party of Washington v. Munro*, 31 F.3d 759

21   (9th Cir. 1994) (using the *Burdick* standard in holding that a Washington law which required minor

22   parties to obtain signatures of voters before being placed on the primary ballot while major parties

23   had no such requirement did not significantly burden minor party's rights and the state has a

24   legitimate interest in insuring that minor party candidates have adequate support).

25         In other words, Schaefer, as the party challenging Nevada's election laws, has the

26   initial burden of showing that Nevada's alphabetical ballot severely restricts the available political

4

1   opportunity to those candidates who are not positioned first or last in a list of candidates on the

2   ballot. *Munro*, 31 F.3d at 762 (party challenging State's election law has the burden of showing

3   the law seriously restricts political opportunity). If he succeeds in showing a "severe restriction"

4   on political opportunity, the State has the burden of proving that the regulation is "narrowly drawn

5   to advance a state interest of compelling importance." *Burdick*, 504 U.S. at 434. If he is unable

6   to show a severe restriction but merely shows a "*de minimis*" burden on his constitutional rights,

7   Schaefer bears the burden of proving that the regulation he attacks has "no legitimate rational

8   basis." *Munro*, 31 F.3d at 763.

9          The evidence offered by Schaefer, at best, shows the State's requirement that

10   candidates be listed alphabetically on the ballot imposes a *de minimis* burden on any candidate's

11   constitutional rights. Schaefer's affidavit, claiming that he has reviewed San Diego election results

12   and determined that candidates whose names are located first or last in a list of candidates on a

13   ballot have a greater likelihood of winning an election, is too conclusory to meet his burden.

14   *Hansen v. U.S.*, 7 F.3d, 137, 138 (9th Cir. 1992)(non-moving party's affidavit that is unsupported

15   by factual data cannot create an issue of material fact). Although Schaefer claims to be an expert

16   in his affidavit, the Schaefer Affidavit is insufficient to create a genuine issue of material fact that

17   would preclude summary judgment because Schaefer did not provide the scientific methodology or

18   procedures underlying the conclusions found in his affidavit. *Claar v. Burlington Northern R. Co.*,

19   29 F.3d 499, 503 (9th Cir. 1994). Schaefer's conclusions in his affidavit are either a subjective

20   belief or speculation unsupported by substantive evidence, neither of which is admissible to oppose

21   a motion for summary judgment. *Id.*

22          The article describing a case where a California court found an alphabetical ballot

23   to violate the equal protection clause of the California Constitution is likewise inadmissible. The

24   article is inadmissable hearsay which cannot be the basis for denying summary judgment. *School*

25   *Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1261 (9th Cir.

26   1993)(unauthenticated documents are inadmissible hearsay that may not be relied upon to defeat a

5

1  motion for summary judgment); *Horta v. Sullivan*, 4 F.3d 2, 8 (1st Cir. 1993)(news articles used

2  to prove the truth of statements made by a third party are inadmissable hearsay and should not be

3  considered for summary judgment purposes). Even if the article were not hearsay, the article, like

4  the Schaefer Affidavit, does not provide any of the underlying facts or methodology upon which the

5  expert in that case relied to form his opinion, or the court relied upon in making its decision.

6       The remaining evidence offered by Schaefer is likewise inadmissable or irrelevant.

7  The Schaefer Declaration, purportedly quoting the comments of Judge Bonaventure, indicates that

8  it is not being offered for the truth of the judge's supposed belief that he benefitted because of where

9  he was placed on the Nevada ballot. The Schaefer Declaration therefore is not competent evidence

10  that ballot placement affects a candidate's chances for election. The yellow page ads and the article

11  about people who change their names to be positioned first in a yellow page ad are not credible

12  evidence that voters choose candidates based upon their position on the ballot. Additionally, a

13  California statue that provides for a random method of listing candidates is not evidence that the

14  Nevada statute providing for an alphabetical ballot is unconstitutional. *See Burdick,* 504 U.S. at

15  433 (under Art. 1, §4, cl. 1 of the Untied States Constitution, States retain the power to regulate

16  the time, place, and manner of holding their own elections). None of the evidence submitted by

17  Schaefer creates a genuine issue of material fact on the issue that alphabetical ballots place a severe

18  restriction on a candidate's political opportunity that would preclude summary judgment.

19       Because Schaefer has not provided any evidence that alphabetical ballots place a

20  severe restriction on candidates, Schaefer also bears the burden of proving that the State's statute

21  requiring an alphabetical ballot "has no legitimate rational basis." *Munro,* 31 F.3d at 763; *see also*

22  *Roley v. Pierce County Fire Protection Dist. No. 4,* 869 F.2d 491, 493 (9th Cir. 1989)(state statute

23  presumed to be constitutional, although it discriminates, unless there is a showing of a suspect

24  classification or the infringement of a fundamental right). Schaefer did not expressly argue that the

25  State statute is irrational. Rather, he asserted that any election law which burdens a candidate's

26  political opportunity would require a compelling reason. The Supreme Court, however, rejected

6

1   such arguments and declared that even though "[e]lection laws will invariably impose some burden

2   . . . to subject every voting regulation to strict scrutiny and to require that the regulation be

3   narrowly tailored to advance a compelling state interest . . . would tie the hands of States seeking

4   to assure that elections are operated equitably and efficiently." *Burdick*, 504 U.S. at 433.  As set

5   forth above, only when the party challenging the election law proves a severe restriction on political

6   opportunity, is the state required to provide a compelling reason for its legislation.

7            Even though not required, the State nevertheless provided a rational reason for

8   requiring an alphabetical ballot.  The State has a legitimate interest in organizing a comprehensible

9   and manageable ballot. *Munro v. Socialist Workers Party*, 479 U.S. 189, 195-96 (1986) (preventing

10  voter confusion by creating a manageable ballot is a valid state interest that need not be proven by

11  the State provided that the response is reasonable and does not significantly impinge on

12  constitutionally protected rights).  The State can require that candidates are presented in a logical

13  and orderly arrangement that prevents voter confusion and allows voters to quickly find the

14  candidate for whom they wish to vote.  Listing candidates alphabetically on the ballot is rationally

15  related to that ended.  Accordingly,

16            IT IS **ORDERED** that Defendants State of Nevada and Dean Heller's motion for

17  summary judgment (#6) is GRANTED.

18            IT IS FURTHER **ORDERED** that Plaintiff Mike Schaefer's motion for summary

19  judgment (#20) is DENIED.

20            IT IS ALSO **ORDERED** that Defendants State of Nevada and Dean Heller's motion

21  for stay (#31) is WITHDRAWN.

22

23            DATED this  18th  day of June, 1998.

24

25                                        Johnnie B. Rawlinson
                                          Johnnie B. Rawlinson
26                                        United States District Judge

7

# Appendix C

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL SCHAEFER,  )
                   )
        Plaintiff, )
                   )
vs.                )   CV-S-96-492 JBR(RJJ)
                   )
DEAN HELLER, et al.,)   **MINUTES OF COURT**
                   )
     Defendant(s). )   June 9, 1998
                   )
                   )

**PRESENT:**
THE HONORABLE JOHNNIE RAWLINSON, UNITED STATES DISTRICT JUDGE

**DEPUTY CLERK:** B. J. PRICE          **RECORDER:** VERONICA HAYES

**COUNSEL FOR PLAINTIFF(S):** MICHAEL SCHAEFER, ESQUIRE (PRO SE)

**COUNSEL FOR DEFENDANT(S):** KATERI CAVIN, DEPUTY A.G.
                              DONALD REIS, CHIEF DEPUTY, SECRETARY OF STATE

**PROCEEDINGS:** ORAL ARGUMENT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENTS (#6), PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#20),

9:02 a.m.  COURT CONVENES

The Court advises Counsel she was Assistant District Attorney in the Civil Division.

Counsel has no objection to Judge Rawlinson continuing on the case.

Ms. Cavin withdraws "Defendant's Motion for Stay of Proceedings" (#31).

Mr. Schaefer advises the Court his petition for mandamus was denied in State Court and he accepts that ruling.

The Court hears the arguments of Counsel.

CV-S-96-492 JBR(RJJ)
June 9, 1998
Page 2


**IT IS HEREBY ORDERED** that the motions for summary judgment are taken under
submission. The Court will issue a ruling within the next two weeks.

9:30 a.m.  ADJOURNMENT.


                                    LANCE S. WILSON, CLERK

                                    BY: _____
                                         Deputy Clerk



**OFF RECORD:  IT IS FURTHER ORDERED THAT THE MOTION FOR EXPEDITED HEARING (#26)
IS GRANTED.**

# Appendix D

**AO 450 (Rev. 5/85)   Judgment in a Civil Case ⊕

# UNITED STATES DISTRICT COURT

_____ ***** _____DISTRICT OF_____ NEVADA _____

MIKE SCHAEFER,

                                JUDGMENT IN A CIVIL CASE

      Plaintiff,

         V.

                           CV-S-96-492-JBR(RJJ)

DEAN HELLER, Secretary of the State
of Nevada, and STATE OF NEVADA,

      _____ Defendant. _____/


\_\_ **Jury Verdict.** This action came before the jury for a trial by
the Court.  The issues have been tried and the jury has rendered
it's verdict.

\_X **Decision by Court.** This action came to trial before the Court.
The issues have been tried and a decision has been rendered.


     IT IS ORDERED AND ADJUDGED that Summary Judgment is entered for
Defendants State of Nevada and Dean Heller and against Plaintiff
Mike Schaefer.


June 19, 1998 _____
        Date

                               LANCE S. WILSON _____
                                    Clerk

                               (By) Deputy Clerk,





34