MICHAEL SCHAEFER
9509 Sundial Dr.
Las Vegas, NV 89134
Tel. 702 466-5407
Plaintiff Pro Se



_____FILED        _____RECEIVED
_____ENTERED     _____SERVED ON
         COUNSEL/PARTIES OF RECORD

APR 25 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SCHAEFER<br><br>　　　　Plaintiff<br><br>V.<br><br><br>BARBARA CEGAVSKE, etc.<br><br>　　　　Defendant | No. 2:16h-cv-00004-JAD-VCF<br><br>**PLAINTIFF'S SHOWING OF CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED, AND SHOULD BE TRIED ON THE MERITS; EXCEPTIONS TO DOCTRINE OF RES JUDICATA** |

PRELIMINARY:

The Court on April 12, 2016 denied pending motion and permitted plaintiff to show cause why this case should not be dismissed under the doctrine of res judicata.

ARGUMENT:

The strong policy of the law in state and federal courts is to resolve disputes on the merits, disfavoring default judgment and favoring giving all parties a fair opportunity to be heard. But the same jurisdictions all seek to reduce the burdens of excessive litigation and conserve scarce judicial resources. Thus the doctrine of res judicata, and issue preclusion, have arisen, but are always subject to review and change

1

by the courts and by Congress or the Legislatures involved.   It is time for this Court to recognize that that this is a crisis issue here of importance not just to the litigants but to all voters and all candidates in the United States, specially those residing in the 7 states who still rank all candidates on ballots by the most artificial of criteria, alphabetical order of their parents(and their) last names, an attribute arising accidentally from birth.

I. THERE HAS TO BE A TIME LIMIT BARRING RES JUDICATA IN CHANGING SOCIETY,  VERY OLD CASES CANNOT WITHOUT LIMITATION ARISE TO KILL RIGHTS,
MUST BE AN **EXCEPTION** TO RES JUDICATA DOCTRINE.

Perhaps twice the limitations period for bringing the action?

Plaintiff Schaefer left this issue idle in federal courts for twenty years.  20 years!

"Res Judicata Doctrine serves to relieve partes of costs and vexation of multiple lawsuits,  conserve judicial resources and encourage relevance of adjudication."
In Re: Air Response v. United States, 302 F3d 1363(CA2002).

Virtually every reported case resolved on res judicata doctrine involves a case filed within a short time, perhaps a year or two at most; within a 'reasonable' time after the guiding earlier decision.   Schaefer waited an *unreasonable time*, sufficient to count in decades rather than years, while the world changed.  If a case is brought by same parties on same issue within a similar time frame, it smacks of two lawsuits judge and /or forum shopping and should be striken and culpable parties and/or counsel sanctioned.  **This is not such a case.**   *Time alone* builds a bubble around the issue that parties rights to the Courts is not lost and in a changed society(at least as to public issue civil-rights non-monetary issues) society and the parties are entitled to re-visit. (as to access citizens enjoy, see Bozak v. City of Long Beach, (1982)31 C3d 527, 645 P2d 137).

2

## II. FEDERAL ISSUE LITIGATION <u>NOT INVOLVING MONEY OR EXPOSURE</u> MUST BE AN **EXCEPTION** TO RES JUDICATA DOCTRINE.

If *Mrs. Roe*, with her able counsel Sarah Weddington, had lost <u>Roe v. Wade,</u> and five years later is pregnant anew and circumstances of her life, and society, result in crisis of her need, desire for an abortion and same Texas official, or his/her office successor, refuses to allow it; <u>is the Courthouse door shut?</u> If *Plessy* in the suit against Ferguson confirming the wisdom of 'separate but equal' in a prejudiced America, graduates from one school into the next school and finds inferiority, and believing segregated education *its-self* to be inferiority, <u>is the Courthouse door shut</u>? If student Brown had lost the case against the Board of Education, before the Warren Court, could not she raise that same issue perhaps five years later as to overruling <u>Plessy v. Ferguson,</u> without finding another-student or another-Board of Education, <u>the most artificial of requirements</u> made-mantory by res judicata considerations? It seems that the courts would be 'fiddling' while Rome burned. All the cases researched in federal Words and Phrases for Res Judicata involve money-issues and/or exposure of parties to subsequent litigation in, say an automobile accident, where they as a passenger or driver had already been in court. (Again, these are cases that inevitably are separated by a few years, not a few *decades*). We cannot let sacred constitutional rights be lost at the altar of saving taxpayer costs (re: public issue.)

## III. IT MAY BE THE SAME PROCEDURAL ISSUE, BUT NOT SAME PARTIES

There is no argument that defendant here is Ms. Cegavske, and 20 years ago it was US Senator Dean Heller in his salad days as Secretary of State, public officials in

privy to an office are de jure the same.

We are dealing with Mr. Schaefer in a fiduciary official capacity, as Official Candidate for Federal Election, not the flesh and bones Mr. Schaefer, private citizen.   Mr. Schaefer's seeking and qualifying for ballot listing in 1996 in Nevada District 2, is different that Mr. Schaefer's seeking and qualifying for ballot listing in 2016 in Nevada District 4.  Different constituencies, a different US Supreme Court, different political viewpoints about gay marriage, rights of immigrants, unemployment and credibility of Medicare and Social Security; while these issues do not relate to ballot listing, <u>any evaluation of constitutional rights MUST be viewed in the environment of the time,</u> and the CANDIDACY of 1996 is not the same as the CANDIDACY of 2016.

The serious creation of exceptions to the perhaps 100 year old doctrine of res judicata takes an activist judge who is not 'making law'(not judge's job) but **protecting the constitutional rights** of cage-rattling litigants, as is yours truly.    The 99 year old alphabetical listing law of California was nullified by plaintiff herein in 1971, the killing of the alphabet for purposes of all California ballots forever more.

The 150 year old Nevada law requiring citizen-voter-registrations to disclose one's personal address was struck down by plaintiff herein in 1974, giving rise to "confidential" listing- and the 225 year old law permitting states to have residency requirements prior to a citizen filing for US House or US Senate was struck down by plaintiff in 2002(see *Schaefer v. Townsend, Registrar*, 215 F3d 1031)

Next up:  The exemption-free rigid doctrine of res judicata, one-size fits-all, is not applicable to today's society when the litigation addresses only human non-monetary

4

rights, which must reflect the society and times and politicial view of the world about us, and this Court cannot close its eyes to a twenty-year progress of American jurisprudence by applying a cookie-cutter doctrine intended to involve identical situations within reasonable period of time <u>involving financial considerations and exposure to litigation</u>(absent in Federal Question cases).. We are dealing with apples and oranges, not constants.

Principle of 'res judicata' could not be involved where the parties before the court were not the same as those who were involved in prior case. <u>Britt v. Commissioner of Internal Revenue,</u> CCA4 1940, 114 F2d 10. Here we have the District 2 Candidate in 1996 and the District 4 Candidate in 2016, same "DNA" but 1996 campaign being in *Northern Nevada* and in 2016 being in *Rural Central Nevada plus North Las Vegas and Summerlin;* the regional issues being different; the registered voters being different, and the talk-show hosts arguments on <u>public issues being totally unrecognizable given 20 years of public progress.</u>

All we have here is an "assertion" that Official Schaefer is again Official Schaefer, when in reality it is the same heart and soul but at vastly different political area and public to reckon with.

Controlling factual identities for purpose of res judicata must be clearly shown and cannot rest upon mere 'assertion'. <u>Liecht v. Commr. Internal Revenue</u>, CCA8 1943, 137 F2d 433.

In Nevada Courts, <u>Smith v. Gray,</u> 1926, 50 Nv 56, 250 P 369, the Court held that to make a matter res judicata, there must be:

5

1. identity of thing sued for
2. identity of the cause of action
3. identity in persons or parties
4. identity in the quality of the persons for or agains who claim is made

What is "same quality"? This is the Nevada Court seeing a difference between say: (1) a 1996 candidacy in Northern Nevada with different demographics, population, and persons in a highly transient state, versus (2)a 2016 candidacy in Central and north-Southern Nevada with different demographics, population and persons in a rapidly growing state.

### IV. THIS IS A POLITICAL ISSUE, GROUNDS FOR A JUDGE TO NOT DECIDE; THIS COURT COULD RECUSE ITSELF.

The Judges enjoying names starting with A B C love the Nevada law, and fear the California law(randomized name placement on ballots). Pleadings evidence that in a 14 person Los Angeles Council race last year, with California Secretary of State acting through Los Angeles City Clerk determined ballot listing to start with "R" and not "A", listed the R-candidates <u>first and second</u>. David Ryu and Carolyn Ramsey, and of the 14 they finished as top-two! (Mr. Ryu on his own beat Ms. Ramsey to become Los Angeles first elected Korean official, and acknowleges he owes his victory primary to plaintiff herein, crediting plaintiff with 'inventing' the randomized ballot listing issue).

Perhaps instead of seeking to bury the case with application of archaic rules without exceptions, being too rigid in evaluating fully constitutional issues without monetary consequences, this Court could, <u>as did Superior Court Judge Gerald Lewis(San Diego County, Ca.) did</u> when plaintiff herein sought to restrain then Governor Edmund

G. Brown, Jr. from using his office-budget to hire Washington, DC lobbyists to fight the nuclear plant at Diablo Canyon, San Luis Obisbo, <u>dubbing it a "political question" and leaving the petition unresolved.</u>

### V. THIS CASE FAILS TO MEET FULL CRITERIA FOR RES JUDICATA.

In order to bar a later suit under res judicata, an adjucation must:

1. involve the same claim as the later suit
2. have reached a final judgment on the merits
3. involve same parties or their privies.

<u>DiLeveton v. Downey,</u> 196 F3d 958(1999), cert denied, 529 US 1067(CA9, 1999)

<u>Davila v. Delta Airlines</u>, 326 F3d 1183, cert. denied, 124 SCt. 568.(CA11, Fl.2003)

There was no final determination 'on the merits', defendant seeking to brush the issue under the rug, with as-always fast-approaching election publication dates and increased costs and inability to be statutory deadlines imposed on the state's chief election official, commenced a motion for summary judgment thus obviating ability of plaintiff to have a hearing on the merits, producing available witnesses, as we have available here. Plaintiff confident it was not a contested issue upon which reasonable men/women could differ, responded with summary judgment. No chance to present his Credible witnesses, such as we have today in Registrar of Voters Joseph P. Gloria who believes the Nevada law mandates a non-level playing filed for all elections involving numerous candidates, except possibly Presidential and Governor elections. In the past a professor, a leading Democrat, a leading Republican, came forward in person to give an opinion. Plaintiff was DENIED that opportunity in 1996 and today.

With an abundance of federal and state caselaw, in 1996 and today(please see

First Amended Complaint herein), it does not ring-true for the 1996 Court to find as a matter of law that there are no material issues of fact remaining and proceed to throw-the-baby out with the bath. The 1996 Judge was brilliant, and has gone on to the 9th Circuit where perhaps she will get an opportunity to review what is perceived as her very first federal civil case after appointment. She was acting within the no-exception no-time no-where Res Judicata Doctrine and plaintiff finds her involvement here totally appropriate given the environment and election about to happen.

CONCLUSION:

This Court may have reduced appreciation for plaintiff's extensive pro-bono history because it perceives his failure to go back 20 years to be a knowing "no mention of his prior, unsuccessful bid" to create a level playing field in Nevada and protect the rights of all voters, all candidates, [something the Court is sworn to do as part of becoming a judicial officer] and plaintiff misjudgments in other arenas that have prejudiced his licensing to assist others. But this is not a class-action, but it is <u>not just a Schaefer matter</u>, inevitably it seriously affects other candidates and their supporters. And society who ends up with an artificial prejudiced-victory. <u>And not who voters would in a fair election chose to lead them.</u>

Plaintiff believes that the election will be won by non-campaigning(no appearance at debate) $175,000 unpaid fines for election irregularities, <u>Moses Arberry, Jr.</u> simply became he tops a long(8) list of wanna-be Congressmen/women, and according to authorities, professional writings, court cases, up to 20% of the vote automatically is his, *thanks to his family name.* This illegal situation, trashing of Equal

8

Protection rights of all candidates, all voters, shocking to the "Chancellor" in today's English courts, will of course come to an end, if not this Court, perhaps upon appropriate review; if not this plaintiff(in whatever capacity officially) or this defendant, somewhere in America, sooner the better.   Creating pressures on all election officials living under statutory deadlines as to ballot preparation.  California does not have this problem, its sister state does, as does Maryland, and plaintiff has spoken in the temples of justice in both jurisdictions.   It is far too important an issue to leave unaddressed, and society everywhere, world-wide, follows the alphabet for advantage.   Plaintiff has written how attorney David Abbantangelo favored his first-listing in any attorney's directory, feeling it brought him enhanced attention, and his son was attracted to elective politics as he was always First among equals. Plaintiff failed to get Judge Bonaventure to hear a motion on the same issue over a decade ago, the Judge admitting <u>"I like the law the way it is, thus I am prejudiced and recuse myself"</u>. This opinion would be a valid witness for merit hearing, a judicial view that he admits unfairness and opposes change. This surprises nobody, and the Los Angeles Muncipal Election pushing to "R" candidates to the top, to the exclusion of 12 opponents they had, for no reason other than the California (EC 13112) law required randomization, new order annually,makes this an issue as to which reasonable men & women cannot differ. The opinion of University of Md. political science professor appears in an email somewhere in filings here.

 Res judicata defenses are traditionally raised by defendant, in a Rule 12(b) motion, or in defense pleading, rather than by the Court, sua sponte; and a criteria as to

such motion is "when the defense's existence can be judged on the **face of the complaint**. The First Amended Complaint herein does not disclose prior federal or state discussions of the issue, only constant is that none of these cases have proceeded to a "hearing on the merits" except the San Diego 1970s case wherein a San Diego State professor, Chairman of both Republican and Democratic parties, all agreed the alphabet prejudiced all except the Aaron Aardvarks of society.  Plaintiff is astounded that over 40 years have gone by and the administration of justice has failed to recognizing this poisoning of the election water-supply by leaving the vast-middle out of preferred ballot placement, perhaps because it is not a money-raising issue, perhaps it is because legislatures and courts having a personal stake in alphabet v. random, or the few national activisits on this issue find themselves out-of-court on human non-monetary cases based on doctrine aimed at conserving judicial resources.  It seems that one hearing, nonjury, with Registrar of Voters and Major Party spokesman, and extensive US and foreign law and evidence(cf. Los Angeles election), would guarantee a plausible issue/decision.  Society cannot put a 'price' on resolving constitutional rights issues.

    With due respect for the Court's failure to find "a plausible claim for relief" in the face of the *California statute*, the *California municipal election public results* from 2015, and decisions of both federal and state courts on this same issue(cases cited in First Amended Complaint) **plaintiff expected**, perhaps unreasonably and naively, more comity on the part of this Court and feels he is viewed as more of a trouble-maker than a seasoned professional with 40 years experience with this issue since his killing the alphabet in California with his San Diego 1970s case on same issue, hurrahs due.

**WHEREFORE**, plaintiff prays for order finding good cause to allow this sensitive case to proceeding to hearing on the merits, so that Nevada may escape from the 7 states slavishly following the alphabet, and carving out an exception to res judicata doctrine for cases that (a)involve on constitutional issues, no monetary considerations; (b) involve in the political world different candidacies, environment, times, separated by decades rather than years, (c)involve political questions that Legislatures are competent to resolve but the jurisdiction is not exclusive to them, that the doors to any federal courthouse are open to any citizen on any issue at any time and limited res judicata to disputes involving money and/or exposure to litigation; the public performance of our officials is always open to citizen scrutiny and is not to be at any time immunized by archaic doctrines aimed at repetitive identical litigation and parties always within a short period less than any limitatations period applicable. May we rise to closure on this issue consistent with constitutional protections we all owe each other.

Dated: April 25, 2016                    Respectfully
                                         *[signature]*
                                         MICHAEL SCHAEFER, Plaintiff Pro Se

VERIFICATION:

Plaintiff declares under penalty of perjury the foregoing to be true of his personal knowledge and believe, as to factual issues; Executed 4/25/16 at Las Vegas, Nv.
_____*[signature]*_____

CERTIFICATE OF MAILINGS:
Undersigned certifies that on 4/25/16 he served copy of this pleading, per agreement, by electronic service to: Lstory@ag.nv.gov and her secretary dwright@ag.nv.gov.
_____*[signature]*_____