ADAM PAUL LAXALT
Attorney General
LORI M. STORY
Senior Deputy Attorney General
Nevada Bar No. 6835
100 North Carson Street
Carson City, Nevada 89701-4717
Tele: (775) 684-1114
Fax:  (775) 684-1108
Email: lstory@ag.nv.gov
*Attorney for Defendant,*
  *Secretary of State*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL SCHAEFER,<br><br>                    Plaintiff,<br><br>vs.<br><br>BARBARA CEGAVSKE, Secretary of State, State of Nevada, *et al.*,<br><br>                    Defendants. | Case No. 2:16-cv-00004-JAD-VCF<br><br>**REPLY TO PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE** |

Defendant, BARBARA CEGAVSKE, in her official capacity as Secretary of State for the State of Nevada ("Secretary"), by and through counsel, Nevada Attorney General Adam Paul Laxalt and Senior Deputy Attorney General Lori M. Story, hereby files this Reply to Plaintiff's Response to the Court's Order to Show Cause. This Reply is based upon the attached Points and Authorities and the pleadings and papers on file herein.

**POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

As outlined in the Court's Order Denying the Motion for Preliminary Injunction; Request for Preliminary Injunction Hearing and Order to Show Cause (Order to Show Cause), Plaintiff Michael Schaefer (Schaefer) brought this action challenging Nevada law requiring the listing of candidates on primary ballots in alphabetical order. He claims a violation of his due process and equal protection rights. The Court determined that Schaefer had previously brought the same claim and the same issues of law and fact to the court in 1996 and

1  questioned why the entry of summary judgment against Schaefer in that case should not
2  preclude his bringing this action raising identical claims.  Schaefer has now responded to the
3  Court's Order to Show Cause as to why *res judicata* should not apply arguing (1) that the
4  issue presented is of importance to all voters and all candidates in the United States who
5  suffer a disadvantage due to the "accidental" assignment of their last name, (2) that
6  *res judicata* should not be a bar to reconsideration of constitutional claims where significant
7  time has elapsed, (3) that the differences between the seat sought and the geographic or
8  socio-economic nature of the constituency of that seat warrant re-review and, finally, (4) that,
9  because the previous case was decided without a <u>hearing</u> on the merits, it should not be
10 considered a bar to this action.

## II.  ARGUMENT

> The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action, and is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction.

*Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051–52 (9th Cir. 2005) (internal quotation marks omitted).  *Res judicata* encompasses both claim preclusion and issue preclusion.  *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d 155 (2008).  With claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine,* 532 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001).  On the other hand, issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim.  *Id.* at 748–749, 121 S. Ct. 1808.

### A.  Schaefer's Claim Has Been Litigated And He Must Be Bound By That Prior Decision.

Despite his suggestion to the contrary, the present action is barred because Schaefer's 1996 suit against then Secretary of State Dean Heller, raised the same claim and challenged the same law and facts as are presented here.  It makes no difference if the prior action

occurred ten years prior, that the open seat Schaefer seeks is not the same office he sought to fill in 1996, or that the geographic bounds of the constituency vary, the facts he asserts are that his last name presents him with a statistical disadvantage to another candidate whose last name precedes his alphabetically.  That is the exact factual and legal claim he presented to this same court in 1996.  Under the doctrine of *res judicata* he is bound by the decision of that court in this action.

### B. Privity Of Interests.

Schaefer also argues that the parties to this action are not the same as the parties to the previous action because he is seeking election to a different post and because the Secretary of State has changed from Dean Heller to Barbara Cegavske.

Where the parties to a dispute are in privity with the parties of another suit raising the same claims, *res judicata* is appropriate.  *Taylor v. Sturgell*, 553 U.S. 880, 893-94, 128 S. Ct. 2161 (2008).  Privity arises when parties have identical or transferred rights with respect to legal interests, including such relationships as decedents and heirs, successors in interest, and indemnitors and indemnitees.  *Id.*, *Headwaters Inc.*, 399 F.3d at 1053.  As the State's chief election official, the Secretary of State is responsible with carrying out Nevada election law.  NRS 293.124.  Here, Ms. Cegavske is a successor in interest to Heller's interest in the office.  Her duties and obligations, rights and responsibilities are the same as those belonging to Mr. Heller during his tenure as in the post.  Thus, the defendants are in privity with one another as to Schaefer's claims.  Schaefer, himself, is the same person and, in spite of his fantastical claim to the contrary, he has more in common with the 1996 plaintiff that merely DNA.  He has the same interest in moving his name to the top of the list of candidates now as he did in 1996.  *See* Exhibit A to Order to Show Cause.  The application of *res judicata* to these proceeding is appropriate.

### C. Shifting Political Attitudes On Unrelated Matters Offer No Justification To Revisit Issues Here.

Schaefer argues that the nature of his claims warrant another look, despite the previous court determination, because of the changing political landscape on topics

completely unrelated to his claim. The argument lacks merit. Defendants can find no case supporting the proposition that a claim of a constitutional violation should be reheard if there appears to be a shifting in the political sands. Rather, decisional consistency on the same issue involving the same parties is necessary as the parties should be able to rely on a final judicial determination in order to gauge their plans and ensure lawful action going forward.

### D.   **Summary Judgment Is Decision On Merits.**

Summary judgment is a judgment on the merits of a claim or cause of action which is final and binding upon the parties. The purpose of summary judgment is to avoid a needless trial when the evidence in advance of trial shows that there is no genuine issue of material fact and the matter can be decided by the court as a matter of law. *McDonald v. D.P. Alexander & Las Vegas Boulevard, LLC*, 121 Nev. 812, 815, 123 P.3d 748 (2005).

Schaefer argues that because there was no <u>hearing</u> on the merits, he was precluded from bringing testimony of experts. This assertion is baseless given that he could have provided the court with sworn affidavits or other written evidence to support his claims and avoid judgment against him. *See* Fed. R. Civ. P. 56(c). Having failed to adequately support his claims with evidence, the judgment against him in his 1996 action was warranted and is valid.

### E.   **The Amended Complaint Presents Nothing To Address Deficiencies Noted In The Court's Order Of Dismissal.**

Schaefer has also failed to adequately amend his complaint to address the Court's finding that he did not state a plausible claim for relief. The amended complaint does not identify why the alphabetical listing of candidates on the primary ballot violates Schaefer's due process and equal protection rights. It does not identify his membership in any protected class or show that the Nevada law calling for such listing is not rationally related to a legitimate state interest. The amended complaint fails to state a claim for relief and is subject to dismissal on that basis. Fed. R. Civ. P. 12(b)(6).

/ / /

/ / /

## III. CONCLUSION

The Court should dismiss Schaefer's Amended Complaint with prejudice. The claims presented have been determined by a court of competent jurisdiction. The parties to both this and the original action are the same or share privity of interest in the matters raised. Moreover, the amended complaint is subject to dismissal for failing to state a plausible claim for relief despite Schaefer being given an opportunity to amend.

DATED this 26th day of April, 2016.

        ADAM PAUL LAXALT
        Attorney General

By:   /s/ Lori M. Story
      LORI M. STORY
      Senior Deputy Attorney General

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on this 26th day of April, 2016, I served a true and correct copy of the foregoing REPLY TO PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE, by placing said document in the U.S. Mail, postage prepaid, addressed to:

MICHAEL SCHAEFER
9409 Sundial Drive
Las Vegas, Nevada 89134

        /s/ Dorene A. Wright