MICHAEL SCHAEFER
9509 Sundial Dr.
Las Vegas, NV 89134
Tel. 213 479-6006
Plaintiff Pro VSKYSe



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SCHAEFER<br>Plaintiff | No. 2:16-cv-00004-JAD-VCF |
| V. | |
| BARBARA CEGASKY, Secretary<br>of State<br>Defendant | REQUEST FOR ORDER<br>SETTING TRIAL |

COMES NOW Plaintiff Michael Schaefer requesting order setting trial on the merits or motion hearing, respectfully representing as follows:

1. This Court on April 12, 2016, denied injunctive relief, as moot, and ordered Plaintiff to show cause why complaint should not be dismissed; plaintiff on April 25, 2016 having done so, no further action having transpired.

2. The issue is ready for determination based on 2016 elections and demographic,

the federal court's 20 year old review of this same issue, with different population of voters, different demographics, is not and cannot be res judicata and foreclose this Court saying what the law is in 2016.   Plaintiff incorporates by reference his pleading filed April 25, 2016 waiting 9 months gestation for a decision.   Attached **Exhibit A** is Sumner v. Sexton, San Diego Superior Court, 1972, settle this same issue for all elections within California, codified by Cal. Elections Code 13112.  The United States Congress has no legislation on the issue.  The issue is not moot, even though the election precipitating the controversy has come and gone, the issue is capable of reoccurring and evades review.  Schaefer v. Townsend, CA-9, 2000, 215 F3d 1031.

WHEREFORE, plaintiff demands setting of trial on the merits, or of briefing schedule for plaintiff's motion for summary judgment to be filed, so that the people of the 9th Circuit and the District of Nevada may have some resolution to this ongoing issue denying millions of voters and candidates a level playing field.

Date:  January 30, 2017                     Respectfully submitted,

                                            _____
                                            MICHAEL SCHAEFER
                                            Plaintiff Pro Se

CERTIFICATE OF SERVICE:

Undersigned certifies that on 1/30/17 he served copy of this pleading, addressed to adverse counsel of record, electronically as follows, per agreement: LStory@ag.nv.gov and her secretary, dwright@ag.nv.gov

# Ballot List Rule Upset

## Lottery System Ordered In Second District Race

*The Daily Californian*

*March 21, 1972*

By MANNY CRUZ
The Daily Californian

SAN DIEGO — Declaring a 99-year-old election rule to be unconstitutional, Superior Court Judge Roscoe Wilkey Monday ordered that a lottery system be used to determine the order in which the 12 Second District supervisorial candidates' names appear on the June 6 ballot.

Wilkey's ruling stated that the current alphabetical method used to list candidates is a denial of the equal protection of the law provision of the Constitution.

The judgment was handed down after a 1½-hour hearing on a suit challenging the state election code filed by Bill Sumner of La Mesa, one of the dozen candidates in the supervisorial race.

Wilkey took 1½ minutes to arrive at his decision and Sumner immediately afterwards speculated that it could have vast implications in the methods used to list candidates in other elections, including local school district elections.

But registrar of voters Charles Sexton, who was subpoenaed to testify at Monday's hearing, expressed uncertainty this morning on whether Wilkey's ruling has implications on other races, particularly in the first and third district supervisorial races.

In these races, the alphabetical method of listing candidates other than the incumbent is called for under the state election code.

Sexton, however, said he is not going to change the order of names of candidates in the first and third districts unless ordered to do so. He also said he was unprepared to say whether an appeal would be sought of Wilkey's ruling concerning the second district.

Wilkey in his ruling said there is some "tangible" advantage for a candidate's name to be listed first on an election ballot, declaring that being first on the ballot is an "accident of birth."

Should the judgment be upheld, Sexton said the names of the 12 Second District candidates would be placed in a hat. The names would be drawn by lot, meaning that the first name picked out of the hat would be placed first on the June 6 ballot.

Handling the suit for Sumner was former San Diego City Councilman Mike Schaefer, who called several witnesses to testify, including Sexton, political science professor Melvin Crain of San Diego State College, long-time Democratic Party leader Murray Goodrich and Oscar Kaplan, a psychology professor at San Diego State who has conducted research on voting behavior.

Sexton testified that it is a general theory held by "election experts" that being at the head of a ballot "is an assurance of some advantage, but the amount or degree would be difficult to say."

Crain, however, testified that it was his opinion that the candidate who is listed first in the second district race would enjoy a 5-10 per cent vote advantage over other candidates, saying the longer the ballot list the more important the ballot position becomes.

"I'm convinced," said Crain, "that the No. 1 position is one of the major factors in an election." He also said that the last name to appear on a ballot is a favored position, too.

Goodrich, in his testimony, said that "when everyone vies for the top of the list, that, in itself, would show that there is

In California, four methods are used in various elections to determine the order in which candidates' names appear on the ballot: 1. the lottery method, such as in county central committee races; 2. alphabetical; 3. the order in which candidates qualify for the ballot; and 4. rotation of names on a ballot.

In countywide races, such as that for district attorney or sheriff, candidates' names are rotated on ballots according to state Assembly districts.

That is, one district attorney candidate's name would appear first on the ballot for voters in the 76th Assembly District while it would appear in a different position on ballots marked by voters in a different Assembly district.

In a single supervisorial race, it would be possible to rotate candidates' names on the ballot according to precincts, according to Sexton. If this method was used in the second district race, where there are 360 precincts, each of the 12 candidates would be listed first on the ballot in 20 precincts.

In Sexton's view, this would be the most equitable method of listing candidates.

But he told Wilkey in his testimony that the concept is not now considered in any present computer programs. It would mean, he said, the preparation of an additional 55 ballot styles at a minimum.

"We could not make it in time for the June 6 election."

Sumner indicated in his suit that it would be more equitable to list candidates by the order in which they filed for election, qualified for the ballot, or in any other manner that is random in nature.

Since he was the first to file, Sumner's name would have been listed first on the ballot. If the alphabetical system was employed, his name would be listed No. 11 and the name of attorney Bill Brown, also of La Mesa, would have been first.

Several of the other second district candidates appeared at Monday's hearing. Clifford Walker of Lakeside called Sumner's suit a "private war between Schaefer and Sexton" and that the suit was a publicity stunt of Sumner's.

Walker urged Sumner to withdraw the suit "and join me in a campaign based on the issues only."

Another candidate, Bill Clements of La Mesa, said "Nuisance making publicity suits like this waste the taxpayers money — just as Sumner's gaudy roadside signs cost the taxpayers money to clean up."

William Faulwetter, attorney representing candidate Dick Brown of El Cajon, indicated opposition to the listing of candidates by the order in which they filed, saying candidates filed on the assumption that the alphabetical system would be used.

"If the law is bad," said Bill Brown, the legislature should change it, not this court."

## SOUTHLAND

## Rule on Ballot Listings Invalidate

*Los Angeles Times*

A 99-year-old section of the state Election Code, which provides for the alphabetical listing of candidates on election ballots, was declared unconstitutional by San Diego Superior Judge Roscoe Wilkey. He ruled on a complaint brought by William B. Sumner, 38, of La Mesa, a business management consultant who is one of 12 candidates for a vacant seat in the 2nd District of the San Diego County Board of Supervisors. Sumner complained that under the alphabetical system, unfair advantage was given to the candidate whose name appeared at the top of the ballot. Under Wilkey's ruling, ballot position will be decided by lot.

MICHAEL SCHAEFER
9509 SUNDIAL DR
LAS VEGAS, NV 89134

LAS VEGAS NV 890
31 JAN 2017 PM 1 L

Clerk
US District Court
1st floor
333 S. Las Vegas Blvd.
Las Vegas, NV. 89101

89101-706934