|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |

| | |
|---|---|
| Michael Schaefer, | 2:16-cv-00004-JAD-VCF |
| Plaintiff | **Order Dismissing Claim, Denying Motions as Moot, and Closing Case** |
| v. | |
| Barbara Cegavsky, as the Secretary of the State of Nevada, | [ECF Nos. 28, 29] |
| Defendant | |

Michael Schaefer sues the Nevada Secretary of State for declaratory and injunctive relief, challenging NRS 293.263's requirement that candidates be listed alphabetically on primary ballots for major political parties as violating his equal-protection right.[1] In deciding Schaefer's motion for preliminary injunctive relief, it came to my attention that he previously challenged this statute on the same ground and lost on summary judgment in 1998.[2] Recognizing that it is atypical for the court to raise the question of res judicata in the first instance, I ordered Schaefer to show cause why this case should not be dismissed under the doctrine of res judicata,[3] and I authorized the defendant to file a reply.[4]

Schaefer timely responded to the show-cause order[5] and the Secretary filed her reply the next day.[6] Schaefer then filed an unauthorized sur-reply[7] and twice moved for a decision on the

---

[1] ECF No. 21.

[2] ECF No. 24 at 1.

[3] *Id.* at 7.

[4] *Id.* I attached copies of the complaint, summary-judgment order, minutes of summary-judgment hearing, and judgment in the prior action as Appendices A–D to my show-cause order (ECF No. 24).

[5] ECF No. 25.

[6] ECF No. 26.

[7] ECF No. 27.

merits of his action.[8]  Having reviewed the record in the prior action and considered the parties' arguments, I find that Schaefer's claim in this action is barred under the doctrine of claim preclusion.  Accordingly, I dismiss Schaefer's claim, deny his motions for a decision on the merits as moot, and direct the Clerk of Court to close this case.

**Discussion**

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"[9]  "By 'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,' these two doctrines protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'"[10] "The preclusive effect of a federal-court judgment is determined by federal common law."[11]  "For judgments in federal-question cases[,] . . . federal courts participate in developing 'uniform federal rule[s]' of res judicata, which [the Supreme Court] has ultimate authority to determine and declare."[12]

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"[13]  Claim preclusion thus applies when "there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties."[14]  All three elements are met here.

---

[8] ECF Nos. 28, 29.

[9] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citing *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08 (2001)).

[10] *Id.* (alterations in the original) (quoting *Montana v. U.S.*, 440 U.S. 147, 153–54 (1979)).

[11] *Id.* at 891 (citing *Semtek Int'l, Inc.*, 531 U.S. at 507–08).

[12] *Id.* (quoting *Semtek Int'l, Inc.*, 531 U.S. at 508).

[13] *Id.* at 892 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).

[14] *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (quotation marks and quoted reference omitted).

**A.     The claim in this action is identical to the claim in the prior action.**

Schaefer sues the Nevada Secretary of State seeking a declaration that NRS 293.263's requirement that candidates be listed alphabetically on primary ballots for major political parties deprives him of his right to equal protection of the law.[15] Schaefer also seeks an injunction requiring the Nevada Secretary of State to list the candidates in the Democratic primary for the U.S. congressional seat in Nevada's 4th district "in a randomized alphabetical order . . . ."[16] When Schaefer sued the State of Nevada and Nevada Secretary of State in 1996, he sought a declaration that NRS 293.263 deprives him of his right to equal protection of the law and an injunction requiring the Nevada Secretary of State to list the candidates in the Republican primary for the U.S. congressional seat in Nevada's 2nd district in a randomized alphabetical order.[17] The claims and relief sought by Schaefer in both actions are materially identical.

Schaefer argues that he is not pursuing the same claim because seeking a ballot listing for Nevada's 2nd congressional district in 1996 is not the same as seeking a ballot listing for Nevada's 4th congressional district in 2016 because the constituencies are different and the political arena and public opinions have changed since 1996.[18] But Schaefer does not allege that there has been a change in the statute or how it is applied. The change in background circumstances does not alter the fact that, in both actions, Schaefer challenges NRS 293.263's alphabetical-listing requirement as depriving him of equal protection of the law. Thus, the first element of claim preclusion is met.

---

[15] ECF No. 21.

[16] ECF No. 21 at 5.

[17] ECF No. 24 at 13. A copy of Schaefer's complaint in the prior action is attached to my show-cause order as Appendix A.

[18] *Id.* at 4–5.

**B.     This claim was finally adjudicated on its merits in the prior action.**

Schaefer argues that this claim wasn't finally adjudicated on the merits because he was denied the ability to present "[c]redible witnesses" in the prior action.[19] Schaefer does not elaborate on this point, and the record reflects that he had the opportunity to—and did—present evidence to support his claim in the prior action.

The prior action proceeded to the dispositive-motion stage with both sides filing competing motions for summary judgment.[20] Then U.S. District Judge Johnnie Rawlinson heard oral argument on the motions.[21] In ruling on the motions, she considered the evidence offered by the parties and analyzed Schaefer's challenge to Nevada's alphabetically listed-ballot law under the standard announced by the U.S. Supreme Court in *Burdick v. Takushi*, 504 U.S. 428 (1992).[22] Judge Rawlinson found that Schaefer had "not provided any evidence that the alphabetical ballots place a severe restriction on candidates . . . ."[23] She also found that "the State nevertheless provided a rational reason for requiring an alphabetical ballot."[24] Judge Rawlinson therefore concluded that the defendants were entitled to summary judgment in their favor, and thus granted their motion and denied Schaefer's competing motion for summary judgment.[25] "[A] grant of summary judgment is a final adjudication on the merits."[26] The second element of claim preclusion is therefore satisfied.

---

[19] ECF No. 25 at 7.

[20] ECF No. 24 at 19–21.

[21] *Id.* at 27–28.

[22] *Id.* at 22:9–25:15.

[23] *Id.* at 24:19-20. Schaefer relied on his own affidavit, a news article, his own declaration, yellow page ads, and California's statute governing ballot listings. *Id.* at 22:9–25:15.

[24] *Id.* at 25:7–15.

[25] *Id.* at 25:16–19. The Clerk of Court entered judgment against Schaefer and closed the case. *Id.* at 30.

[26] *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998).

**C.    The plaintiff is the same and the defendants are in privity.**

Schaefer does not dispute that he brought the prior action but argues that the parties are different because he brought *this* action "in a fiduciary official capacity[] as Official Candidate for Federal Election, not the flesh and bones Mr. Schaefer, private citizen."[27] He did not make that distinction in his pleading,[28] and I am not persuaded that the running-for-political-office Schaefer is different from the flesh-and-bones Schaefer. The same man who was the plaintiff in the prior action—Michael Schaefer—is also the plaintiff in this one.

Schaefer sues Barbara Cegavsky in this action in her capacity as Nevada's Secretary of State. In his prior action, Schaefer sued Dean Heller in his then capacity as Nevada's Secretary of State. Schaefer does not truly dispute that there is privity between Cegavsky and Heller.[29] Privity exists when "a person [is] so identified in interest with another that he represents the same legal right."[30] The concept of privity extends to "officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government."[31] The third and final element of claim preclusion is therefore satisfied. Accordingly, I find that Schaefer's claim in this action is barred under the doctrine of claim preclusion.

**D.    Schaefer's other arguments are without merit.**

Schaefer argues that I should craft an exception to the claim-preclusion doctrine for this case because a significant amount of time has lapsed since his prior action, society has changed,

---

[27] ECF No. 25 at 4.

[28] *See generally* ECF No. 21.

[29] *See* ECF No. 25 at 3–4 (acknowledging that the present (Cegavske) and a prior (Heller) Secretary of the State of Nevada are "public officials in privy to an office [and] are de jure the same").

[30] *Trujillo v. Cty. of Santa Clara*, 775 F.2d 1359, 1367 (9th Cir. 1985) (alteration in the original) (quotation marks and quoted reference omitted).

[31] *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940).

the right he seeks to protect is important, and he is not seeking monetary relief. Schaefer does not cite any authority to support these arguments and I am not persuaded that any is a good reason to depart from the doctrine.

An exception due to the mere passage of time would undermine the doctrine's purpose of avoiding inconsistent decisions and having final decisions on the merits bind the parties and their privies. Schaefer's public-opinion argument is vague and speculative; he does not connect a specific shift in public opinion (i.e., a change in or recently announced public policy) to the issues that he seeks to readdress. And neither the Ninth Circuit nor the Supreme Court has recognized an exception to the doctrine in cases involving constitutional rights or when there is no request for monetary relief.[32] I thus decline Schaefer's request to depart from the doctrine.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that this case is **DISMISSED** with prejudice, and Schaefer's motions for a decision on the merits **[ECF Nos. 28, 29] are DENIED** as moot. The Clerk of Court is directed to **CLOSE** this case.

DATED: April 21, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[32] *See, e.g., Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 234–35 (1998) ("We see no reason why the preclusive effects of an adjudication on parties and those 'in privity' with them, i.e., claim preclusion and issue preclusion (res judicata and collateral estoppel), should differ depending solely upon the type of relief sought in the action.")