1  **UNITED STATES DISTRICT COURT**
2  **DISTRICT OF NEVADA**

| Michael Schaefer, | 2:16-cv-00004-JAD-VCF |
| Plaintiff | **Order Continuing In Forma Pauperis Status for Appeal** |
| v. | |
| Barbara Cegavsky, Nevada Secretary of State, | [ECF No. 34] |
| Defendant | |

Indigent plaintiff Michael Schaefer appeals my order dismissing his claim and the judgment that the Clerk of Court entered against him to the United States Court of Appeals for the Ninth Circuit.[1] The Ninth Circuit has referred this matter to me "for the limited purpose of determining whether [Schaefer's] in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith."[2] Because I find that portions of Schaefer's appeal are taken in good faith, I conclude that his pauper status should continue for this appeal.

## Background

Schaefer sued the Nevada Secretary of State for declaratory and injunctive relief, challenging Nevada's requirement that candidates be listed alphabetically on primary ballots for major political parties (NRS 293.263) as a violation of his equal-protection right.[3] In the course of deciding Schaefer's motion for preliminary injunction, it came to my attention that he had previously challenged this statute on the same ground and lost on summary judgment in 1998. Recognizing that it is atypical for the court to raise the question of res judicata in the first

---

[1] ECF No. 32.

[2] ECF No. 34.

[3] ECF No. 21 (first amended complaint).

instance, I ordered Schaefer to show cause why this case should not be dismissed under the doctrine of res judicata, and I authorized the defendant to file a reply.[4]

After reviewing the record in the prior action and considering the parties' arguments, I found that Schaefer's claim in this action was barred under the doctrine of claim preclusion.[5] I therefore dismissed Schaefer's claim with prejudice and instructed the clerk to enter judgment against him and in favor of the Nevada Secretary of State.[6]

**Discussion**

Section 1915(a)(3) of title 28 of the United States Code provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."[7] An appeal is taken in "good faith" when it seeks review of any issue that is "non-frivolous."[8] An issue "is frivolous where it lacks an arguable basis either in law or in fact."[9] I assume that Schaefer will raise the same issues on appeal that he raised in response to my show-cause order.

Schaefer argued that his claim is not barred under the doctrine of claim preclusion because the parties are not the same, the claim is not the same, and the previous action was not finally adjudicated on the merits. To the extent that Schaefer seeks review of these issues, I find that his appeal is not in good faith because there is no basis in law or fact to argue that the parties or claim between the two cases are different or that Schaefer's claim was not finally adjudicated on its merits in the prior action.

---

[4] ECF No. 24.

[5] ECF No. 30.

[6] *Id.*

[7] 28 U.S.C. § 1915(a)(3).

[8] *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

[9] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

But Schaefer also asked me to craft an exception to the claim-preclusion doctrine for this case because a significant amount of time has lapsed since his prior action, society has changed, the right he seeks to protect is important, and he is not seeking monetary relief. To the extent that Schaefer seeks review of these issues, I find that his appeal is taken in good faith because the appellate court may want to create an exception to the doctrine of claim preclusion—I declined Schaefer's invitation to do so. Because I find that portions of Schaefer's appeal are taken in good faith, I conclude that he "is entitled to in forma pauperis status for this appeal *in toto* . . . ."[10]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Michael Schaefer's pauper status should **CONTINUE** for this appeal (Ninth Cir. Case No. 17-15961). The Clerk of Court is DIRECTED to notify the Ninth Circuit Court of Appeals that this court **DOES NOT** elect to revoke Michael Schaefer's pauper status.

DATED: May 17, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[10] *Hooker*, 302 F.3d at 1092.